Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 2/8/2002 |
| **CASE TITLE** | A. Robert McKay vs. Town & Country Cadillac, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to strike (169-1) is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | FEB 13 2002 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 183 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2/8/2002 | |
| | | date mailed notice | |
| GL courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FEB 13 2002

| | | |
|---|---|---|
| A. ROBERT McKAY, | ) | 97 C 2102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER ON |
| vs. | ) | THE "PLAINTIFF'S MOTION TO |
| | ) | STRIKE PORTIONS OF DEFENDANT'S |
| TOWN AND COUNTRY CADILLAC, | ) | 56.1(b)(3)(B) STATEMENT |
| INC. and MAX COHEN, | ) | |
| | ) | |
| Defendants | ) | |

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) Pursuant to Local Rule 56.1(a)(3), the defendant has provided a statement of material facts in support of that motion. (Filing 130.) The plaintiff filed a motion to strike portions of the defendant's statement of material facts (see filings 134 and 146) and, pursuant to Local Rule 56.1(b)(3), a response to the defendant's statement of material facts and a statement of additional facts in opposition to the defendant's summary judgment motion (see attachment to filing 147). Pursuant to Local Rule 56.1(a) and Local Rule 56.1(b)(3)(A), the defendant filed a response to the plaintiff's statement of additional facts. (See Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156.)[1] Now before me is the Plaintiff's Motion to Strike

---

[1] The defendant's response to the plaintiff's statement of additional facts is titled "Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B)." This title may be read in an accurate sense, since it is true that the plaintiff's statement of additional facts is authorized by Local Rule 56.1(b)(3)(B). However, the defendant erroneously claims that its response to the plaintiff's statement of additional facts is submitted "pursuant to Local Rule 56.1(b)(3)(B)." (See Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156, at 1.) In fact, the defendant's response to the plaintiff's statement of additional facts is authorized by the first sentence of the final paragraph of Local Rule 56.1(a): "If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response." This means that pursuant to Local Rule 56.1(a), the defendant may submit a reply to the plaintiff's 56.1(b)(3)(B) statement using the form proscribed in 56.1(b)(3)(A). Therefore, it is not accurate to refer to the defendant's reply to the plaintiff's statement of additional facts as a "56.1(b)(3)(B)" statement, as the parties each have done despite the fact that I specifically set forth the relevant procedures under Local Rule 56.1 for the benefit of the parties. (See

1

183

Portions of Defendant's 56.1(b)(3)(B) Statement, filing 169. This motion will be denied.

## ANALYSIS

The plaintiff first claims that in paragraphs 1, 2, 16, 37, 38, 39, 40, 45, 47, 51, 58, 59, 69, 70, 76, 79, 95, 96, 97, 111, 112, 114, 121, 122, 123, 126, 127, 128, 129, 132, 137, 138, 141, 142, 164, 165, 170, 173, 174, 175, 181, 189, 203, 204, 205, 216, 218, 220, 221, 222, 228, 240, 241, and 250 of the defendant's response to the plaintiff's statement of additional facts [hereinafter defendant's response statement], the defendant "admits the fact stated by Plaintiff, but then adds additional factual information or denials attempting to qualify the admission." (Pl.'s Mot. to Strike Portions of Def.'s 56.1(b)(3)(B) Statement [hereinafter Pl.'s Br.] at 1.) The plaintiff argues that this strategy is improper under Local Rule 56.1 because "An admission is an admission – plain and simple." (Id. (quoting Martinez v. Labelmaster, No. 96 C 4189, 1998 U.S. Dist. LEXIS 17733, at *4 (N.D. Ill. 1998)).)

The plaintiff's argument is not only unpersuasive, but audacious. First, I note that some of the 54 paragraphs listed by the plaintiff were merely admitted or denied by the defendant without any "additional factual information." (See, e.g., Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156, ¶ 2.) Therefore, it would seem that the plaintiff's argument does not apply to each of the paragraphs he refers me to. In that vein, I find that the plaintiff's strategy of listing paragraphs en masse without specifically identifying the portions of those paragraphs that he wishes to strike has imposed a significant hardship upon the defendant and upon me. This hardship is exemplified by my inability to identify the allegedly objectionable material in certain specified paragraphs of the defendant's response statement. (See, e.g., id.)

More importantly, I am unpersuaded by Martinez. In this unreported case, the court cited no authority in support of its rather bold statement that "[a]n admission is an admission – plain and simple." Martinez, 1998 U.S. Dist. LEXIS 17733, at *4. It seems to me that often a statement of fact cannot be denied in good faith, but a "plain and simple" admission of that fact could leave the court with an incomplete grasp of the evidence before it. Indeed, an excellent example of this can be found in the plaintiff's own response to the defendant's statement of facts. In paragraph 75 of the defendant's statement of material facts in support of its motion for summary judgment on the plaintiff's retaliation claim, the defendant states as follows:

75. Plaintiff claims that the following are the [only][2] job actions taken against

---

Memorandum and Order on the Plaintiff's Motion to Strike, filing 146, at 1.) Nevertheless, for the purposes of clarity, I shall use the labels affixed to the relevant documents by the parties.

[2]In a previous demonstration of inefficient disregard for the procedures authorized by Local Rule 56.1, the plaintiff filed a separate motion to strike wherein, inter alia, the plaintiff

2

him after he announced his problem with alcohol:

1. Retroactive implementation of Plaintiff's pay plan.
2. Demonstrator Car taken away.
3. Discipline for use of telephone for personal calls.
4. Charge for personnel [sic] phone calls.
5. Docked for unexcused absences.
6. Requirement to pay for negative balance on draw.
7. Unrealistic performance goals.
8. Termination in June of 1996.

(Plaintiff's Dep. at pp. 21-26).

(Town & Country Cadillac's Statement of Material Facts In Supp. of Its Mot. for Summ. J. on Pl.'s Retaliation Claim, filing 130, ¶ 75.) In response, the plaintiff stated:

75. Deny.
   a) A review of the pages identified by Defendant clearly shows that Plaintiff was not being asked about "the only job actions taken against him after he announced his problem with alcohol." The question to which Plaintiff was responding was acts of discrimination against him due to his age.
   b) Admit that the Plaintiff identified the actions listed by Defendant (although not in this exact language) as actions taken against him that he felt were based on discrimination due to his age or disability.
   c) Deny that these were the only actions Plaintiff listed. Plaintiff also listed
      i) Failure to receive vacation pay.
      ii) Defamation.
      iii) Intentional infliction of emotional distress by Mr. Cohen.
      iv) Retaliatory actions taken after he complained about the way he was treated.
   d) Deny that Plaintiff was being asked to identify all actions he perceived to be retaliation for engagement in protected activity.

(Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1: Response to Defendant's 56.1(a) Statement - 56.1(b)(3)(A), ¶ 75 (citations and emphasis omitted).) Although the plaintiff begins his response paragraph with the word "Deny," he then admits that the list of actions appearing in defendant's paragraph 75 is accurate. As is often the case, here the plaintiff could not simply deny the defendant's paragraph 75 in good faith. More importantly, I am confident that the

---

successfully argued that the word "only" should be stricken from this paragraph. (See filings 134 and 146.)

3

plaintiff did not intend that his admission in subparagraph "b)" be considered as "an admission – plain and simple" with respect to paragraph 75. If the plaintiff's admission were accepted and the additional information he provided were discounted, I would not be informed of the incompleteness of the defendant's list of adverse job actions. Thus, the plaintiff's argument that "an admission is an admission" would seem to cut very deeply against the plaintiff himself, given his own responses to the defendant's statement of facts.

To the extent the plaintiff means to imply that his inclusion of the word "Deny" at the opening of his paragraph meaningfully distinguishes his response statement from the defendant's response statement, his suggestion is rejected. Whether an admission is still an admission "plain and simple" when the "admission" follows the word "deny" is a question left unanswered by Martinez. I am certainly not prepared to draw a distinction between the defendant's response statement, wherein the "denial" sometimes follows the "admission," and the plaintiff's response statement, wherein the "admission" tends to follow a form of the word "deny." (Compare Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156, ¶ 16 with Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1: Response to Defendant's 56.1(a) Statement - 56.1(b)(3)(A), ¶ 81).

Another more extreme example of the nature of the plaintiff's request may be found in paragraph 81 of the plaintiff's response statement, wherein the plaintiff admits in paragraph 81 a) the statement attributed to Mr. Cohen in paragraph 81 of the defendant's statement of facts, but then qualifies the admission with 35 subparagraphs of "additional factual information or denials attempting to qualify the admission," (Pl.'s Br. at 1). (Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1: Response to Defendant's 56.1(a) Statement - 56.1(b)(3)(A), ¶ 81.) The plaintiff's arguments qualifying his admission span approximately four and one-half pages of his response. (Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1: Response to Defendant's 56.1(a) Statement - 56.1(b)(3)(A), ¶ 81.) Again, the equivocal "denial" opening that paragraph does not meaningfully distinguish the "additional factual information" presented by the plaintiff from similar information presented by the defendant.

Local Rule 56.1(b)(3)(A), which controls both the plaintiff's and the defendant's response statements, specifies that such statements shall contain "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). It seems to me that a party's good-faith admission of a portion of a statement should not prevent that party from setting forth his disagreement with the remainder of the statement .appropriately supported by references to the record. For the foregoing reasons, the plaintiff's argument in favor of striking the 54 paragraphs specified above must be rejected.

Next, the plaintiff argues that certain "material" included in paragraphs 8, 89, 91, 99, 100, 102, 103, 108, 109, 110, 124, 130, 134, 139, 161, 162, 163, 179, 230, 231, 232, 234, and 247 of the defendants response statement constitutes argument, and must therefore be stricken. By way

4

of example, the plaintiff refers me to paragraph 8 of the defendant's response statement, wherein the defendant states:

> 8. Defendant incorporates its general objection herein. See also Defendant's Motion to Strike Exhibits "P" and "Q[.]" Notwithstanding said objections and without waiving the same and if this Court considers said assertion, as to Paragraph 8, Defendant admits that Plaintiff's affidavit and the Parkside/Lutheran General Records reflect treatment, but deny [sic] they state that plaintiff was treated for alcoholism, but rather state that Plaintiff was treated for "alcohol dependency" in 1989. *However, Defendant does not admit that Plaintiff was diagnosed with "alcohol dependency" or had an "addiction" at any relevant period of time or that any purported problem with alcohol substantially limited Plaintiff in any major life activity.* (Def. Ret. Exh. "A"); (Pl. Ret. Exh. "P").

(Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156, ¶ 8 (emphasis added).) The plaintiff does not argue that the first three sentences contain "argument." (Pl.'s Br. at 2.) Instead, he argues that the italicized portion of the paragraph quoted above contains argument and must be stricken.

It is true that it is within a district court's discretion to require strict compliance with the Local Rules, and the Seventh Circuit has held that it may not be an abuse of discretion for a district court to strike a Local Rule 56.1 statement laden with "argument, evasion, and improper denials." Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 527-28 (7th Cir. 2000). Indeed, I shall not consider legal argument on the merits of a claim if that argument is submitted in a statement of material facts. Malec v. Sanford, 191 F.R.D. 581, 585 (ND. Ill. 2000) ("The purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument."). However, I have already explained to the parties in this case, arguments concerning the admissibility of the evidence supporting a factual statement that have been included in a 56.1 statement of facts, as opposed to a separate motion to strike, will be considered by me as needed. (See Mem. and Order on the Pl.'s Mot. to Strike, filing 146, at 1-3.) Thus, the plaintiff's decision not to request that the first sentences of paragraph 8 be stricken was consistent with my previous order.

While statements of facts submitted pursuant to Local Rule 56.1 are not forums for factual argument, Malec v. Sanford, 191 F.R.D. at 585, both parties have engaged in heavy, if not venomous, factual argument in nearly all of their Rule 56.1 submissions in this case. It seems to me that at this time it is simply too late for either party to object to the argumentative posture taken by both sides in setting forth Local Rule 56.1(b)(3(A) fact responses in bloated documents with contentious tones. Quite literally, this practice has been going on for years in this case.

Finally, as I turn to the italicized portion of paragraph 8 quoted above, I fail to understand

5

how that sentence may be characterized as "argument." It seems to me that it is merely a denial of unstated factual implications that one might glean from the materials cited by the plaintiff in support of paragraph 8 of his statement of additional facts.

The plaintiff has not seen fit to specifically set forth, let alone explain, his argument to strike paragraphs 89, 91, 99, 100, 102, 103, 108, 109, 110, 124, 130, 134, 139, 161, 162, 163, 179, 230, 231, 232, 234, and 247 of the defendants response statement. Also, I note that paragraph 8 is argued to be illustrative of the merits of the plaintiff's argument, and I have found the plaintiff's argument with respect to paragraph 8 to be without merit. In light of these facts, it is tempting to decline the plaintiff's implicit invitation to wade through nearly two dozen additional paragraphs and separately explain why each should or should not be stricken. The defendant has completed this labor, arguing that the relevant portions of the specified paragraphs (or at least, the defendant's guess as to the relevant portions of the specified paragraphs) are in the form of proper denials, or are factual statements supported by citations to evidence in the record. (See Def.'s Br. at 9-11.) After having reviewed the relevant paragraphs, I agree with the defendant. The relevant portions of these paragraphs, as I interpret them, shall not be stricken pursuant to the motion now before me.

The plaintiff argues that paragraphs 9, 77, 87, and 88 contain improper "qualified admissions" and improper argument. I have rejected the plaintiff's "qualified admissions" argument already, and after having reviewed paragraphs 9, 77, 87, and 88, I conclude that they shall not be stricken. Paragraphs 77, 87, and 88 contain statements alleging that the evidence relied upon by the plaintiff is "self-serving" and "unsupported by the record." I interpret these statements to be attempts to challenge the admissibility of the plaintiff's underlying evidence, and while I find that they shall not be stricken, I offer no opinion at this time as to whether those arguments will be sustained.

Next, the plaintiff argues that paragraphs 10, 11, 12, 15, 17, 18, 19, 75, 98, and 120 of the defendant's response statement contain generalized denials that are unsupported by factual allegations. Paragraphs 10, 11, 12, 15, 17, 18, 19, and 98 contain denials that are supported by citations to the record, and therefore I find that the plaintiff's argument with respect to these paragraphs is wholly without merit. In addition, paragraphs 17, 18, 19, 75, and 120 contain denials based upon the defendant's arguments concerning the admissibility of the plaintiff's supporting evidence. Those arguments are proper responses to an opponent's factual statements, and they shall not be stricken. Malec v. Sanford, 191 F.R.D. at 585 ("the evidence supporting a factual contention . . . must represent admissible evidence.").

The plaintiff also argues that these paragraphs contain "legal conclusions attempting to limit the effect of the paragraphs." (Pl.'s Br. at 3.) I find no inappropriate "legal conclusions" in the paragraphs, and no portion of these paragraphs shall be stricken.

Next, the plaintiff moves to strike paragraphs 14, 25, 48, 54, 55, 56, 57, 60, 61, 62, 63, 64, 65, 66, 67, 68, 71, 72, 73, 78, 82, 92, 101, 113, 119, 131, 133, 135, 136, 153, 167, 169, 180,

181, 184, 185, 186, 188, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 203, 204, 207, 208, 209, 210, 217, 219, 242, 243, 244, 245, 246, 249, 253, 254, 255, 256, 257, and 259 because "Defendant's answer is argumentative or evasive and does not fairly meet the substance of the facts asserted by the Plaintiff." (Pl.'s Br. at 3.) By way of example, the plaintiff refers me to paragraph 25 of the defendant's response statement. (Id.) In paragraph 25, the defendant argues that the plaintiff's statement of fact is irrelevant and is not a "material fact." I have now repeatedly noted my willingness to entertain evidentiary arguments set forth in responses to statements of fact in order to spare the parties and the court the burden of responding to multiple individual motions to strike. (See also Mem. and Order on the Pl.'s Mot. to Strike, filing 146, at 1-3.) Statements of fact must be based upon admissible evidence, Malec v. Sanford, 191 F.R.D. at 585, and they must be limited to material facts, Id. at 583. Thus, I find that the defendant's arguments that the plaintiff's factual statement is irrelevant and not material are properly included in its response statement. The defendant's response is not evasive, and if its arguments are sustained, the substance of the plaintiff's facts will be irrelevant. Thus, the plaintiff's argument that paragraph 25 must be stricken because the paragraph is "evasive and does not fairly meet the substance of the facts asserted by the Plaintiff" is rejected. Similarly, the plaintiff's argument in favor of striking the other 67 paragraphs listed above is without merit and must be rejected. Indeed, in many instances it is difficult to imagine how the defendant's response could more directly challenge the substance of the facts asserted by the plaintiff. (See, e.g., Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1: Pl.'s Additional Facts ¶¶ 62, 65; Defendant Town and Country Cadillac, Inc.'s Response to Plaintiff's Statement of Additional Facts Pursuant to Local Rule 56.1(b)(3)(B), filing 156, ¶¶ 62, 65.)

Finally, the plaintiff argues that paragraphs 20, 23, 144, 145, 146, 147, 148, 149, 150, 151, 154, 157, 158, 159, 160, 164, 203, 204, 205, 221, 222, 228, and 240 must be stricken because the "Defendant prefaces its admission of the fact stated with legal argument not aimed at determining the admissibility of the evidence, but rather arguing why it is not material or arguing points in the summary judgment motion." (Pl.'s Br. at 3.) The plaintiff's suggestion that it is improper for the defendant to argue in its response statement that certain facts are not material may be rejected on its face. Malec v. Sanford, 191 F.R.D. at 583. Also, I have reviewed each of the paragraphs cited above, and I can find no instance where the defendant improperly argues "points in the summary judgment motion" in its response statement.

IT IS ORDERED that the plaintiff's motion to strike, filing 169, is denied.

Dated February 8, 2002.

BY THE COURT

_____
Warren K. Urbom
United States Senior District Judge

7