# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 2/14/2002 |
| **CASE TITLE** | A. Robert McKay vs. Town & Country Cadillac, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum and Order: Defendant's motion to strike Exhibits P and Q (159-1) is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | 184 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2/14/2002 date mailed notice | |
| GL | courtroom deputy's initials | GL mailing deputy initials | |

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A. ROBERT McKAY, ) | 97 C 2102 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER ON |
| vs. ) | THE DEFENDANT'S MOTION TO |
| ) | STRIKE EXHIBITS P AND Q |
| TOWN AND COUNTRY CADILLAC, ) | |
| INC. and MAX COHEN, ) | |
| ) | |
| Defendants ) | |

DOCKETED
FEB 2 0 2002

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) The plaintiff has submitted a number of exhibits in response to the defendant's motion. (See filings 148, 149, and 150.) Now before me is the Defendant's Motion to Strike Exhibits P and Q, filing 159. I find that the defendant's motion must be granted in part.

## ANALYSIS

Plaintiff's Exhibits P and Q have been filed as "restricted documents" pursuant to a Stipulated Protective Order.[1] (Filings 149 and 150.) Exhibit P contains "medical and treatment records for A. Robert McKay" obtained from the Records Custodian for "Lutheran General Hospital/Parkside/West Pavillion." (Pl.'s Addendum of Exhibits, filing 148, Ex. P, Kornak Aff.) Exhibit Q contains copies of records of Mr. McKay's sessions with a licensed clinical social worker. (Id., Ex. Q, Charlton Aff.) The defendant has argued that both exhibits should be stricken because they are irrelevant and because they contain inadmissible hearsay.

The evidence submitted in support of factual statements presented to the court pursuant to Local Rule 56.1 need not be in an admissible form, but must represent admissible evidence. Malec v. Sanford, 191 F.R.D. 581, 585 (N.D. Ill. 2000). Thus, exhibits that fail to represent admissible evidence may be excluded from consideration on summary judgment. Corder v. Lucent Technologies Inc., 162 F.3d 924, 927 (7th Cir. 1998) (citing Chrysler Credit Corp. v. Marino, 63 F.3d 574, 580 (7th Cir. 1995)). I shall now separately consider each of the

---

[1]This Stipulated Protective Order was signed by the Hon. John A. Nordberg, United States District Court Judge, on September 29, 1998. (See Pl.'s Addendum of Exhibits, filing 148, Ex. P and Q, Stipulated Protective Order.) However, the Order does not seem to appear on the docket sheet in this case. Also, it does not appear that Exhibits P and Q technically comply with the terms of this order. (See id. at 2, ¶ 2 and 3, ¶ 5.)

184

defendant's arguments against the admissibility of the plaintiff's Exhibits P and Q.[2]

## A. Whether Exhibits P and Q Are Relevant

Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "Evidence which is not relevant is not admissible." FED. R. EVID. 402. The defendant first argues that Exhibits P and Q are made irrelevant by the Memorandum and Order on Defendant Town and Country Cadillac's Motion for Summary Judgment, filing 99, wherein I determined that there was no genuine issue for trial whether the plaintiff was disabled within the meaning of the ADA. (Mem. & Order on Defendant Town and Country Cadillac's Mot. for Summ. J., filing 99, at 15.) The defendant argues that because "whether or not Plaintiff is disabled under the ADA . . . is not at issue in the pending motion," "information concerning the effects that alcohol had on Plaintiff's life . . . [is] not relevant." (Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q at 2.) In response, the plaintiff argues that whether the plaintiff had a good faith, reasonable belief that he was disabled is an issue that remains to be resolved in the pending motion for summary judgment, and that Exhibits P and Q are relevant to that issue. (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 1-2.)

"It is a well-established principle that, to receive protection under the ADA, a plaintiff [raising a claim of retaliation] must have acted 'in good faith and with a reasonable and sincere belief that he or she is opposing unlawful discrimination.'" Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995)) (emphasis omitted). "Specifically, in retaliation cases, whether under Title VII or the ADA, 'it is good faith and reasonableness, not the fact of discrimination, that is the critical inquiry.'" Id. (quoting Rucker v. Higher Educ. Aids Bd., 669 F.2d 1179, 1182 (7th Cir. 1982)). As stated by the Eighth Circuit, the plaintiff need not establish that the conduct he opposed was in fact discriminatory in order to prevail on his retaliation claim, "but rather must demonstrate a good faith, reasonable belief that the underlying conduct violated the law." Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189, 1195 (8th Cir. 2001) (quoting Buettner v. Arch Coal Sales, Co., Inc., 216 F.3d 707, 714 (8th Cir. 2000)). Since it is "good faith and reasonableness, not the fact of discrimination" that is at issue in the pending motion for summary judgment on the plaintiff's retaliation claim, I must reject the defendant's argument that the previous finding that the plaintiff was not disabled automatically renders Exhibits P and Q irrelevant to the present motion. Talanda v. KFC National Management Co., 140 F.3d at 1096. In principle, evidence such as Exhibits P and Q could be relevant to the issue

---

[2]Some of the defendant's arguments in favor of striking these exhibits are central to its motion for summary judgment on the plaintiff's retaliation claim. In some instances, ruling upon the defendant's arguments here, in the context of a preliminary motion to strike, would have broader implications for the pending motion for summary judgment than the mere exclusion of a pair of exhibits. It seems to me that the better practice would be to retain such arguments until they may be resolved in the broader context of the summary judgment motion. Throughout this memorandum, I shall identify such arguments as they arise and state specifically that they shall be retained for resolution at a later time.

of the reasonableness and sincerity of the plaintiff's belief that he was opposing unlawful discrimination, assuming there is any evidence that the plaintiff held such a belief.

In its reply brief, the defendant points out that it has argued in its briefs supporting its motion for summary judgment on the plaintiff's retaliation claim that "a plaintiff cannot have a reasonable belief about something that is not legally cognizable." (Def.'s Reply to Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 3.) However, I note that it is generally not appropriate to consider new arguments that are raised for the first time in a reply brief. See, e.g., Marie O. v. Edgar, 131 F.3d 610, 614 n.7 (7th Cir. 1997); United States v. Magana, 118 F.3d 1173, 1198 n.15 (7th Cir. 1997); Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir. 1992); Kastel v. Winnetka Board of Education, 946 F. Supp. 1329, 1335 (N.D. Ill. 1996). Moreover, resolving this argument in the defendant's favor here could be tantamount to granting the defendant's pending motion for summary judgment. I feel that it would be best to retain this argument until it arises in the context of the defendant's motion for summary judgment, where it is more fully briefed by both parties, rather than attempt to resolve it in a preliminary motion to strike.[3] Indeed, in its reply brief the defendant seems to anticipate that this might be the more appropriate course of action. (See Def.'s Reply to Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 2.)

The defendant also claims that the exhibits are irrelevant because they do not describe the plaintiff's condition at any meaningful time. It appears that Exhibit P relates to treatment that the plaintiff received in 1989 for problems related to alcohol consumption, and that Exhibit Q relates to the treatment the plaintiff received for his relationship difficulties between September 12, 1996, and February 10, 1998. (Pl.'s Ex. P at 1; Pl.'s Ex. Q at 1-10.) The defendant argues that the relevant time is June 1996, when the plaintiff allegedly suffered adverse employment actions, and asserts that records from 1989 (Ex. P) or beginning in September 1996 (Ex. Q) are not relevant to the plaintiff's "state of mind" at the pertinent time. (Def.'s Reply to Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 5. See also Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q at 2-3.) In response, the plaintiff does not dispute that Exhibit P relates to the plaintiff's treatment in 1989, that Exhibit Q concerns the plaintiff's counseling sessions following his termination, or that the reasonableness of the plaintiff's belief that he was engaging in protected activity should be evaluated with reference to the time of the alleged adverse employment actions against him.

---

[3] The defendant also argues in its reply brief that Exhibits P and Q are irrelevant because 1) there is no evidence that the plaintiff "posess[ed] the knowledge of what the definition of a disability is under the ADA," 2) "there is no indication anywhere in the record that Plaintiff even reviewed these medical records so as to absorb the information therein," 3) "the medical records themselves are no more than the information that Plaintiff already had in his mind," and 4) the plaintiff does not state that he reasonably believed that he was disabled based upon the information contained in Exhibits P and Q. (Def.'s Reply to Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 4-5.) It seems to me that these arguments are directed more to the *merits* of the issue identified by the plaintiff–whether the plaintiff had a good faith, reasonable belief that he was disabled–than to the *relevance of Exhibits P and Q to that issue*. I shall refrain from resolving arguments directed toward the merits of this issue until the defendant's motion for summary judgment on the plaintiff's retaliation claim is ready for decision. The defendant's arguments shall therefore be retained.

(Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 2-3.) The plaintiff argues that, nevertheless, both exhibits are relevant to whether the plaintiff had a reasonable belief that he was engaging in protected activity in June 1996.

First, the plaintiff argues that Exhibit P is relevant because it contains "statements of diagnosis with the disease of alcoholism[4] and directions for a treatment plan. [The records] further contain statements by Plaintiff . . . concerning his alcoholism, its effect on himself and his family, details about fights and incidents with his wife when he was under the influence and her subsequent leaving, and his statements about his understanding of the treatment and lifestyle he needed to follow to attempt to keep his condition under control." (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 2.) As the plaintiff candidly recognizes, the exhibit "provides evidence on Plaintiff's alcoholism and its effect on him in its *unmitigated* form." (Id. at 3 (emphasis added).) Since it has already been established that the plaintiff was not drinking at the time of the alleged adverse employment actions against him, and that, therefore, the plaintiff's alcoholism was in a "*mitigated* form" at that time (See Mem. and Order on Def. Town and Country Cadillac's Mot. for Summ. J., filing 99, at 7-8), it might seem at first blush that Exhibit P is not relevant to whether the plaintiff had a reasonable belief that he was disabled when he was not actively drinking. However, the plaintiff argues that the reasonableness of the plaintiff's belief that he was disabled must be measured against the substantive law *at the time of the offense*. Recently, the Eleventh Circuit agreed with this proposition, Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1187 (11th Cir. 2001), although it does not seem that the court was actually confronted with the issue raised by the plaintiff here. See id. In the present case, it matters greatly whether the reasonableness of the plaintiff's belief is measured against the state of the law in 1996, as opposed to the current state of the law, due to dramatic changes in the law that occurred in the interim. Prior to the decision of the United States Supreme Court in Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-489 (1999), it was clearly established law in this circuit that "[t]he determination of whether a condition constitutes an impairment, or the extent to which the impairment limits the individual's major life activities must be made *without regard to the availability of mitigating measures such as medicines, or assistive or prosthetic devices.*" Roth v. Lutheran General Hospital, 57 F.3d 1446, 1454 (7th Cir. 1995) (emphasis added). In Sutton, however, the Court found that "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures--both positive and negative--must be taken into account when judging whether that person is "substantially limited" in a major life activity and thus "disabled" under the Act. Sutton v. United Air Lines, Inc., 527 U.S. at 482.

It seems to me that if a plaintiff can demonstrate that he reasonably believed that he was opposing unlawful discrimination at the time of the allegedly discriminatory acts, his reasonable belief ought not be rendered "unreasonable" by subsequent material changes in the state of the relevant law. In other words, in this case I find that although the Supreme Court decided in Sutton that corrective measures must be taken into account when judging whether a plaintiff is disabled under the ADA, it does not follow that the plaintiff could not have reasonably believed

---

[4]After reviewing Exhibit P, I find that while the exhibit contains the statement "Impression: Alcohol Dependency," (Ex. P. at 1), there is no indication of any "statements of diagnosis with the disease of alcoholism," as the plaintiff claims.

that he was opposing unlawful conduct prior to Sutton, given the state of the law in the Seventh Circuit in 1996. Arguably, prior to Sutton and under Roth, the fact that a plaintiff's alcoholism might have been controlled via mitigating measures (i.e., abstinence from alcohol consumption) would not have been considered. Therefore, theoretically a plaintiff who engaged in a protected expression under the ADA could reasonably believe that he opposed unlawful discrimination during a time of abstinence from alcohol use.

As I noted above, the plaintiff argues that Exhibit P sets forth descriptions of his alcoholism in its unmitigated form. Since the reasonableness of the plaintiff's belief that he was disabled must be measured against the substantive law at the time of the allegedly unlawful conduct, and since at the time of the unlawful conduct, the plaintiff's condition would have been evaluated without regard to mitigating measures, I conclude that Exhibit P is generally relevant to the issue of whether the plaintiff held a reasonable belief that he was opposing unlawful conduct in 1996. This relevance is marginal, however, due to the lengthy time interval between the date of the exhibit and the dates of the defendant's allegedly unlawful actions.

The defendant also argues that Exhibit Q, which contains treatment notes dating from September 12, 1996, to February 10, 1998, is irrelevant to the reasonableness of the plaintiff's alleged belief that he was disabled in June 1996, because the records do not cover the pertinent time period. In addition, the defendant claims that because Exhibit Q reflects that the plaintiff was seeing a social worker due to relationship problems–not problems associated with alcohol use–the exhibit is irrelevant.

The plaintiff responds that "[t]he relevant content of the counseling sessions deals with events that occurred or affected Plaintiff while Plaintiff was employed at Defendant Town and Country, despite the fact that the counseling itself might have taken place after Plaintiff's termination." (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 3.) More specifically, the plaintiff claims that the exhibit contains "counselor's reports of statements made by the Plaintiff concerning his alcoholism, his fall from recovery, details of his relationship with his fiancee and incidents which occurred with her while he was under the influence and her subsequent leaving right before Plaintiff revealed his alcoholism to Max Cohen." (Id.)

I have carefully reviewed Exhibit Q, and I find that if the exhibit does contain the sort of statements alleged by the plaintiff, it does so only in an extremely general way. The "Face Sheet" of the exhibit indicates that the plaintiff's "Statement of Problems" included "Codependency; drank 4 mos ago – relationship [illegible - possibly 'addictions']; stress." (Pl.'s Ex. Q at 1.) Under "Goals" appears the words "codependency concerns," and there is no mention of alcohol-related issues. (Id.) According to the plaintiff's own argument, the only portions of this exhibit that are relevant "deal with events that occurred or affected Plaintiff" during the plaintiff's employment at Town and Country Cadillac. (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 3.) However, most of the entries in Exhibit Q do not identify whether the events described therein occurred during the pertinent time frame. For example, an entry dated September 19, 1996, states that the plaintiff's girlfriend left him "recently" and he misses her very much. (Pl.'s Ex. Q at 2.) This entry cannot even support the plaintiff's claim that his fiancee left him "right before Plaintiff revealed his alcoholism to Max Cohen." (Pl.'s Response

to Def.'s Mot. to Strike Ex. P & Q at 3.) Indeed, Exhibit Q never expressly identifies the plaintiff's "girlfriend" as his fiancee, although that information is available elsewhere in the record. (See, e.g., Pl.'s Addendum of Exhibits, filing 59, Ex. 1, McKay Aff. ¶ 26.)

The only "statements made by the Plaintiff concerning his alcoholism"[5] appear in entries dated 9-12-96, 9-26-96, 10-1-96, 11-7-96, 11-14-96, 3-11-97, 8-26-97, 10-21-97, and 2-17-98. Of these, all entries save those dated 9-12-96, 3-11-97, 8-26-97, and 10-21-97 merely state that the plaintiff continued to abstain from alcohol use. Of the four remaining entries, the entries dated 3-11-97 and 8-26-97 do not "deal with events that occurred or affected Plaintiff" during the plaintiff's employment at Town and Country Cadillac. (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 3.) This leaves the entry dated 9-12-96, which states simply that the plaintiff "drank 4 mos ago after period of abstinence," and the entry dated 10-21-97, which states, in substance, that when the plaintiff thinks about drinking he reviews "where alcohol led him in the past," and that the plaintiff "talked about how he feels that he was fired for being an alcoholic." These statements may be relevant to the issue of whether the plaintiff in fact subjectively believed he was disabled at the time of the alleged adverse employment actions against him, and therefore these entries shall not be stricken. The remaining entries identified above are irrelevant and shall be stricken.

Nowhere in Exhibit Q do I find evidence of "details of [the plaintiff's] relationship with his fiancee and incidents which occurred with her while he was under the influence and her subsequent leaving right before Plaintiff revealed his alcoholism to Max Cohen." (Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 3.) Therefore, I find that only the entries dated 9-12-96 and 10-21-97, along with the "Face Sheet," are relevant to any fact that is of consequence in the pending motion for summary judgment. The remainder of Exhibit Q is inadmissible under Federal Rule of Evidence 402.

## B. Whether Exhibits P and Q Contain Inadmissible Hearsay

The same Exhibits P and Q now at issue in the present motion to strike were submitted previously in this case by the plaintiff in response to the defendant's original motion for summary judgment, filing 46. (See Pl.'s Ex. 32 and 33, filing 64.) The defendant moved to strike Exhibits 32 and 33, filing 96, and that motion was granted in part. (See generally Mem. and Order on Def.'s Mot. to Strike Pl.'s Ex. 32 and 33, filing 97.) I concluded that the exhibits contained hearsay (Id. at 3), and that, while some of the statements contained within Exhibit 33 (now called Exhibit P) were admissible hearsay under Federal Rule of Evidence 803(4) (Id. at 4), the remainder of Exhibit 33 and the entirety of Exhibit 32 (now Exhibit Q) were to be stricken due to the plaintiff's failure to lay a foundation for the exhibits' admissibility under Federal Rule of

---

[5]For present purposes, I assume that the entries each reflect statements made by the plaintiff to his counselor during a therapy session. However, neither the exhibit itself nor the affidavit in support specify the source of the entries. (See Pl.'s Ex. Q; Pl.'s Addendum of Exhibits, filing 148, Ex. Q, Charlton Aff.) Some entries appear to reflect statements made by the plaintiff's daughter, who joined in the plaintiff's sessions. (See, e.g., Pl.'s Ex. Q, entry dated 5-6-97 and 5-20-97.) The plaintiff has not argued that such statements are relevant here.

Evidence 803(6).[6] (Id. at 6.)

Now, in response to a new motion for summary judgment, the plaintiff has resubmitted Exhibits P and Q along with affidavits intended to provide the foundation under Federal Rule of Evidence 803(6) that I previously found lacking. (Pl.'s Addendum of Exhibits, filing 148, Ex. P, Kornak Aff & Ex. Q, Charlton Aff.) The defendant argues first that the plaintiff should not be able to correct his past mistakes, and that for that reason it is improper for the plaintiff to resubmit these exhibits.

A new summary judgment motion is now pending with respect to a claim that was not addressed in the defendant's original motion for summary judgment. The defendant has been given an opportunity to correct its past mistake, i.e., failing to move for summary judgment on the entirety of Count II of the plaintiff's complaint, due to unusual circumstances. (See generally Mem. and Order on Pl.'s Mot. to Amend J., filing 125.) In response to this new motion, the plaintiff must be allowed to submit evidence in accordance with the Federal Rules of Civil Procedure, Rules of Evidence, and Local Rules. This is not a case where a party has attempted to resubmit previously stricken material without paying any regard to the court's prior orders. Here, the plaintiff appears to have made a good-faith effort to address the concerns raised in the Memorandum and Order striking the exhibits, filing 97. (Compare Pl.'s Addendum of Exhibits, filing 148, Ex. P, Kornak Aff & Ex. Q, Charlton Aff. with Mem. and Order on Def.'s Mot. to Strike Pl.'s Ex. 32 and 33, filing 97, at 4-6.) The defendant's own error created this "second chance" for the plaintiff, and the plaintiff shall not be penalized for learning from his mistakes and attempting to comply with the terms of my prior orders.

In its brief in support of its motion to strike, the defendant does not argue that the affidavits provided by the plaintiff are insufficient to set forth a foundation for the admissibility of Exhibits P and Q under Federal Rule of Evidence 803(6), but instead argues that the bulk of Exhibits P and Q do not qualify under 803(6) because they "do not relate to plaintiff's treater's diagnosis." (Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q at 4.) Put differently, the defendant suggests that "the only portion of the records that would be admissible under 803(6) . . . would be those portions of the records related to plaintiff's diagnosis." The defendant provides no authority for this argument other than the text of Rule 803(6), which states in relevant part as follows:

> The following are not excluded by the hearsay rule . . . :
> (6) Records of Regularly Conducted Activity.–A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the

---

[6]To be precise, the Exhibits were not stricken for all purposes. (See Mem. and Order on Defendant's Mot. to Strike Plaintiff's Ex. 32 and 33, filing 97, at 6 (holding that Dr. Angres's use of the exhibits for the forming of his expert opinions complied with the requirements of FED.R.EVID. 703.).)

memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . .

FED. R. EVID. 803(6). The defendant's argument can be rejected on its face, as Rule 803(6) clearly does not state that *only* records related to the plaintiff's diagnosis would be admissible under this subsection. The defendant's suggestion that to permit the introduction of any information other than diagnoses into evidence pursuant to Rule 803(6) would necessarily result in the admission of "double hearsay"(see Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q at 4-5) is without merit. Any "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, *or* diagnoses" can be admitted pursuant to 803(6) as long as the proper foundation can be established. FED. R. EVID. 803(6) (emphasis added).

In its reply brief, the defendant argues for the first time that the "source of information or the method or circumstances of preparation [of Exhibit Q] indicate[s] lack of trustworthiness," FED. R. EVID. 803(6), and that the foundation for the admissibility of Exhibits P and Q under Rule 803(6) has not been properly laid. (Def.'s Reply to Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q at 6-7.) As these arguments were raised for the first time in the defendant's reply brief, they shall not be considered. See, e.g., Marie O. v. Edgar, 131 F.3d at 614 n.7; United States v. Magana, 118 F.3d at 1198 n.15; Wilson v. Giesen, 956 F.2d at 741; Kastel v. Winnetka Board of Education, 946 F. Supp. at 1335.

**IT IS ORDERED** that the Defendant's Motion to Strike Exhibits P and Q, filing 159, is granted in part. Exhibit Q shall be stricken, except for the page entitled "Face Sheet" and entries dated September 12, 1996, and October 21, 1997. In all other respects, the defendant's motion is denied.

Dated February 14, 2002.

BY THE COURT

*[signature]*

United States Senior District Judge