# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 2/21/2002 |
| **CASE TITLE** | A. Robert McKay vs. Town & Country Cadillac,etal | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum and Oder: Defendant's motion to strike records of Employment Security, Exhibit 4 (161-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | FEB 26 2002 | 185 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | CM | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | 2/21/2002 | |
| GL | courtroom deputy's initials | 02 FEB 26 AM 8:17 | | date mailed notice | |
| | | 0T 0? Date/time received in central Clerk's Office | | GL mailing deputy initials | |

DOCKETED

FEB 2 6 2002

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| A. ROBERT McKAY, | ) | 97 C 2102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER ON THE |
| vs. | ) | DEFENDANT'S MOTION TO STRIKE |
| | ) | RECORDS OF DEPARTMENT OF |
| TOWN AND COUNTRY CADILLAC, | ) | EMPLOYMENT SECURITY, EXHIBIT 4 |
| INC. and MAX COHEN, | ) | |
| | ) | |
| Defendants | ) | |

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) The plaintiff has submitted a number of exhibits in response to the defendant's motion. (See filings 148, 149, and 150.) In addition to these "newly submitted" exhibits, the plaintiff has incorporated into his response exhibits filed in opposition to the defendant's first motion for summary judgment, filing 59. (See Pl.'s Addendum of Exhibits, filing 148, at 2.) Now before me is the Defendant's Motion to Strike Records of Department of Employment Security, Exhibit 4. (Filing 161.) Exhibit 4 was among the documents originally submitted by the plaintiff in opposition to the defendant's first motion for summary judgment. (Pl.'s Addendum of Exhibits, filing 59, Ex. 4.) I find that the defendant's motion must be granted.

## ANALYSIS

Initially, I note that there is some confusion regarding the designation of the exhibit subject to the present motion to strike. The defendant identifies the relevant exhibit as follows:

> Exhibit 4 to Plaintiff's Addendum of Exhibits to the original summary judgment motion are records [sic] from the Department of Employment Security concerning plaintiffs [sic] application for unemployment benefits. (See copy of Exhibit 4 attached hereto as Exhibit "A").

(Def.'s Mot. to Strike Records of Department of Employment Security, Exhibit 4 [hereinafter Def.'s Br.], filing 161, at 1.) However, the plaintiff responds:

> The Exhibit at issue is actually Exhibit 16. See Plf. 12(N)(II), ¶ 129(d). (Plaintiff may have caused this confusion by citing to the Exhibit as Ex. 4 in para. 211 of

1

185

his 56.1(b)(3)(B) statement and apologizes for doing so.) This is a letter from the Department of Employment Services to Plaintiff resolving his unemployment claim, stating that the reason for the termination was a "personality conflict."

(Pl.'s Response to Def.'s Mot. to Strike Records of Department of Employment Security, Exhibit 4 [hereinafter Pl.'s Br.], at 1.)

I have reviewed Exhibits 4 and 16 of the Plaintiff's Addendum of Exhibits filed in opposition to the defendant's original summary judgment motion, and it seems to me that the relevant exhibit is Exhibit 4. (Compare Pl.'s Addendum of Exhibits, filing 59, Ex. 4 with id. Ex. 16 and Def.'s Br. Ex. A.) The plaintiff's citation to Exhibit 16 in paragraph 129(d) of his statement of additional facts in opposition to the defendant's motion for summary judgment, filing 63, is in error.

In moving to strike Exhibit 4, the defendant argues first that the exhibit is not admissible pursuant to 820 ILL. COMP. STAT. ANN. 405/1900 (West 2002) and pursuant to the Seventh Circuit's decision in McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 798 (7th Cir. 1997). The relevant section of the Illinois Unemployment Insurance Act states:

> § 1900. Disclosure of information.
> A. Except as provided in this Section, information obtained from any individual or employing unit during the administration of this Act shall:
>> 1. be confidential,
>> 2. not be published or open to public inspection,
>> 3. not be used in any court in any pending action or proceeding,
>> 4. not be admissible in evidence in any action or proceeding other than one arising out of this Act.
> B. No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the actions were between the same or related parties or involved the same facts.

820 ILL. COMP. STAT. ANN. 405/1900(A)-(B).

According to the plaintiff, the most relevant portion of Exhibit 4 is the statement: "The claimant [McKay] was discharged from TOWN & COUNTRY CADILLAC because of a personality conflict." (Pl.'s Addendum of Exhibits, filing 59, Ex. 4 at 1. See also Pl.'s Br. at 1 ("This is a letter from the Department of Employment Services to Plaintiff resolving his unemployment claim, stating that the reason for the termination was a 'personality conflict.'").) It is unclear whether this statement is based upon "information obtained from any individual or employing unit," and thereby falls within subpart A of section 1900, or whether the statement is

2

the determination of the Department of Employment Security, and thereby falls within subpart B of this section. Nevertheless, if either subpart of section 1900 is applicable, Exhibit 4 would seem to be inadmissible in this proceeding.

However, in this case it is unnecessary to determine whether Exhibit 4 must be excluded pursuant to section 1900. The Seventh Circuit has concluded that, regardless of whether a statute such as section 1900 is binding upon a federal court, the uniqueness of state unemployment compensation proceedings "counsels against the use of those proceedings" in federal court. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 798 n.11 (7th Cir. 1997). In McClendon, the defendant responded to the plaintiff's prima facie case of retaliation in violation of Title VII by articulating a legitimate, non-discriminatory reason for the plaintiff's discharge. Id. at 796-97. Specifically, the defendant argued that the plaintiff was discharged for insubordination. Id. at 797. At that point, the burden of demonstrating that the defendant's reason was a mere pretext for unlawful retaliation shifted back upon the plaintiff. Id. The only evidence submitted by the plaintiff to meet this burden was the decision of an administrative law judge of the Indiana Department of Workforce Development, who had concluded that the plaintiff was entitled to unemployment benefits because he was not terminated for just cause. Id. at 797-98. The court concluded that the plaintiff was precluded from using the administrative law judge's determination in support of his "pretext" argument because the ultimate issue in the Indiana proceeding was different from the ultimate issue presented in the retaliatory discharge case, and because the allocation of the burden of proof was significantly different in the two proceedings. Id. at 798.

As in McClendon, the ultimate issue in the plaintiff's unemployment benefits determination and the issues involved in the present case are significantly different. The issue in the unemployment benefits determination was whether the plaintiff was eligible for unemployment benefits under the Unemployment Insurance Act. (See Pl.'s Addendum of Exhibits, filing 59, Ex. 4. See also, e.g., 56 ILL. ADM. CODE 2720.140 ("Adjudicator Determination").) In the present case, the issue is "whether the employee was terminated in retaliation for engaging in some form of protected expression." McClendon, 108 F.3d at 798. Also as in McClendon, the burden of proof is allocated differently in the two proceedings. In the administrative adjudication, the adjudicator determined that the plaintiff was not discharged for misconduct because McKay's "action which resulted in his discharge was not deliberate and willful." (Pl.'s Addendum of Exhibits, filing 59, Ex. 4.) Instead, it was determined that the plaintiff was discharged "because of a personality conflict," and the plaintiff was therefore entitled to unemployment benefits. (Id.) Under Illinois law, the burden of proving the alleged misconduct was on the employer, Town and Country Cadillac. See, e.g., Zuaznabar v. Board of Review of Department of Employment Security, 257 Ill. App. 3d 354, 356 (1993) ("To find statutory misconduct the employer must meet three requirements: (1) a showing of deliberate and willful conduct, which is (2) based on a reasonable rule of the employer which (3) harmed the employer or another employee.") In contrast, in this case it is the plaintiff's "burden to demonstrate that [the defendant's] non-discriminatory reason is pretextual." McClendon, 108 F.3d at 798.

The present case raises the identical concerns cited in McClendon. I therefore find that Exhibit 4 cannot be admitted into evidence to support the plaintiff's assertion that the defendant's proffered reasons for the plaintiff's discharge were pretexts.

The plaintiff has submitted three distinct arguments in opposition to the defendant's motion to strike Exhibit 4, and all three must be rejected.

First, the plaintiff argues that state law "privileges" such as that set forth in section 1900 do not automatically bind federal courts in federal cases. United States v. Wilson, 960 F.2d 48, 50 (7ᵗʰ Cir. 1992). In Wilson, the Seventh Circuit found that the state's weak interest in confidentiality was outweighed by the strong, important federal interests of enforcing federal criminal statutes and preserving the accuracy of the fact-finding process. Id. at 50-51. However, even if both of these important interests were present here, the plaintiff's argument that section 1900 is not applicable in this case misses the mark. Neither my analysis set forth above nor the Seventh Circuit's analysis in McClendon invoked a statutory "privilege" as a basis for excluding the administrative findings. Instead, I have relied upon the differences in the ultimate issues and burdens of proof in the two proceedings. See McClendon v. Indiana Sugars, Inc., 108 F.3d at 798 n.11 ("We need not decide here whether that statute is retroactive in its application or whether the determination of the Indiana legislature would be binding in a federal court. We simply note in passing that the action of the legislature serves to underline the uniqueness of such proceedings, a uniqueness that counsels against the use of those proceedings even without reference to the new statutory limitation.") Put more directly, the defendant's motion to strike Exhibit 4 is not being granted pursuant to section 1900, and therefore the plaintiff's first argument is unavailing.[1]

Secondly, the plaintiff argues that although he is offering Exhibit 4 to support his showing of pretext, he is doing so in a manner that distinguishes the present case from McClendon. Specifically, the plaintiff claims that he "is using it to show that the letter states he was terminated for a 'personality conflict[,]' he did not give that reason, and it is reasonable to infer that Defendant, particularly Defendant's corporate representative, Frank Laskeris, gave that reason. Plaintiff then argues in his Response that a reasonable jury could find this was a reason given by Defendant prior to this litigation, that it is different from the reason it gives now – poor performance – and that the changing reasons show pretext." (Pl.'s Br. at 3-4 (citations omitted).) It seems to me that the plaintiff's argument actually provides three excellent reasons for excluding Exhibit 4: (1) he claims to be using the Exhibit to show that he was discharged due to a personality conflict, which was an administrative finding made for a wholly distinct purpose and under a burden of proof different from that in the present proceeding, see McClendon, 108 F.3d at 798; (2) although a well-intentioned trier of fact might be susceptible to the plaintiff's argument that "it is reasonable to infer that Defendant . . . gave that reason," (Pl.'s Br. at 3), there is no evidence in the record that supports the inference that the defendant or any of its employees

---

[1]For this same reason, the plaintiff's reliance upon EEOC v. Illinois Department of Employment Security, 995 F.2d 106 (7ᵗʰ Cir. 1993) is misplaced.

4

provided the reason, "personality conflict," to the Department of Employment Security;[2] and, (3) the plaintiff is ultimately offering his evidence to support his showing of pretext, just as was the case in McClendon. It is the plaintiff's burden to show pretext, and his proposed trail of inferences is not sufficient to permit any reasonable trier of fact to conclude that Exhibit 4 contributes to the satisfaction of that burden. If the present case is distinguishable from McClendon, it is distinguishable in a manner that does not favor the plaintiff's position.

Finally, the plaintiff argues that "[i]t would be unfair and inequitable for the Court to allow Defendant to now interpose new objections to this Exhibit to the original motion when it denied that opportunity to the Plaintiff re: Defendant's exhibits to the original motion." (Pl.'s Br. at 1-2.) The plaintiff's argument is based upon the highly unusual circumstances present in this case. I shall explain why the plaintiff's contention must be rejected.

The defendant filed a motion for summary judgment, filing 46, which was granted, filing 99. Subsequently, it came to light that the plaintiff's complaint contained a claim of retaliation in violation of the ADA, and the defendant's motion for summary judgment did not address this claim. (See Mem. and Order on Pl.'s Mot. to Amend J., filing 125.) Fault for this oversight is shared by all. Under the circumstances, the options of simply amending the judgment to reinstate the claim or summarily dismissing the claim without adequate briefing seemed undesirable. (See id.) Therefore, summary judgment briefing was opened on the plaintiff's retaliation claim. (Id.)

The parties' approaches to this unique situation have differed. The defendant chose to reincorporate its original statement of facts submitted in support of its original motion for summary judgment, filing 48, and then supplement those facts with new facts relevant to the retaliation issue. (See Town & Country Cadillac's Statement of Material Facts in Support of its Mot. For Summ. J. on Pl.'s Retaliation Claim, filing 130.) In doing so, the defendant assumed a certain risk for the sake of convenience. That is, the plaintiff had submitted a response to the defendant's original statement of facts, filing 63, wherein he raised many objections to, and pointed out many flaws within, the defendant's original statement. The defendant might have attempted to circumvent, address, or moot the plaintiff's arguments in response to its original statement of facts by simply submitting a "new and improved" statement of facts in support of its motion for summary judgment on its retaliation claim. However, it seems that the defendant somehow developed the mistaken belief that its original statement of facts was entirely admitted

---

[2]In fact, there are compelling reasons to infer that the defendant did not supply the Department with the "personality conflict" justification for the plaintiff's discharge. Exhibit 4 suggests that the defendant was attempting to prove misconduct, which would have rendered the plaintiff ineligible for unemployment benefits. (Pl.'s Addendum of Exhibits, filing 59, Ex. 4.) See also 820 ILL. COMP. STAT. ANN. 405/602 ("Discharge for misconduct - - Felony"). It would be illogical for the defendant to protest the plaintiff's unemployment benefits claim merely to argue that the plaintiff was terminated due to a "personality conflict," since a mere personality conflict does not appear to be grounds for finding a claimant ineligible for benefits. See 56 ILL. ADM. CODE 2720.130 and 820 ILL. COMP. STAT. ANN. 405/602.

by the plaintiff. (See Town & Country's Response to Pl.'s Mot. to Strike, filing 139, at 2.) On the contrary, it may be that many of the defendant's original statements of fact will be nullified by the plaintiff's original response. By merely incorporating its former statement of facts, the defendant has, perhaps unwittingly, taken the risk that many of its original facts and their supporting evidence will be excluded from consideration in support of its new motion for summary judgment. Perhaps realizing this risk, the defendant subsequently asked for an opportunity to amend its earlier statement of facts, which I denied. (See Town & Country's Response to Pl.'s Mot. to Strike, filing 139, Ex. A; Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 5.) I determined that after having chosen to merely incorporate certain previously-filed statements, the defendant would not be allowed to "improve" its "old" statements of facts with amendments and new supporting citations, and the plaintiff would not be allowed to augment his arguments in opposition to those statements of facts. (Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 4-5.)

In contrast, the plaintiff has chosen to submit an entirely new statement of additional facts in opposition to the defendant's motion for summary judgment on his retaliation claim. (Pl.'s Statement of Material Facts Pursuant to Local Rule 56.1, filing 147.) He has incorporated none of his original statement of facts into the statement filed in opposition to the defendant's new summary judgment motion. (Id.) This strategy has its own associated risks and rewards. Specifically, since the plaintiff's previous statement of facts is not incorporated, it is therefore a nullity with respect to the present motion for summary judgment. This has allowed the plaintiff to resubmit exhibits that were previously stricken from the record and attempt to cure their deficiencies. (See, e.g., Pl.'s Ex. Q, filing 149; Pl.'s Ex. P, filing 150; Mem. and Order on Def.'s Mot. to Strike Pl.'s Ex. 32 & 33, filing 97; Mem. and Order on Def.'s Mot. to Strike Ex. P and Q.[3]) However, the advantage of resubmitting past exhibits carries with it a risk that the defendant will be successful in striking them. In other words, if the plaintiff had chosen to incorporate his prior statement of facts into the present motion for summary judgment, as the defendant did, then pursuant to my Memorandum and Order on the Plaintiff's Motion to Strike, filing 146, he would have been precluded from amending them, modifying them, or referring me to additional evidentiary materials in support of them (as the defendant has been with respect to paragraphs 1-74 of his new statement of facts); but at the same time, the defendant would not be allowed to mount new attacks on those statements of fact. (See Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 4-5.)

Here, the plaintiff has availed himself of the advantages of submitting a new statement of facts in opposition to the defendant's motion for summary judgment. In contrast to paragraphs 1-74 of the defendant's statement of facts (all of which were previously submitted), the plaintiff's entire statement consists of newly submitted facts and evidence. The fact that the plaintiff has not physically resubmitted all of the exhibits in his statement of facts, but has instead referred me to the exhibits in the addendum he submitted in opposition to the initial motion for summary

---

[3]The filing number for this Memorandum and Order is not available at the time of this writing.

judgment, is immaterial. For the same reasons that have allowed the plaintiff to resubmit exhibits that were stricken from consideration on the original summary judgment motion in order to support his new statement of facts, his exhibits are now once again subject to being stricken from consideration on the new motion for summary judgment.

The plaintiff complains that it would be inequitable for the me to allow the defendant to "interpose new objections to this Exhibit to the original motion when it denied that opportunity to the Plaintiff re: Defendant's exhibits to the original motion." (Pl.'s Br. at 2.) Interestingly, in response to the defendant's argument that the plaintiff should not be allowed to resubmit Exhibits P and Q in opposition to the new motion for summary judgment when most of both exhibits had been stricken previously, the plaintiff's perspective on "equity" was somewhat reversed. (See Pl.'s Response to Def.'s Mot. to Strike Ex. P and Q, filing 167, at 4.) There, the plaintiff argued that he must be allowed to resubmit the exhibits, claiming that he "met the Court's concern about admissibility and the records should be admissible for this Motion on the retaliation claim." (Id.) He also argued that "prior evidentiary rulings can be reconsidered in this context." (Id.) The plaintiff wishes to be free to resubmit certain exhibits in connection with his new statement of facts, yet have certain other exhibits insulated from evidentiary attack. Equity does not favor allowing the plaintiff to have his "cake" and eat it, too. He has benefitted from a second opportunity to submit a new statement of facts that revisits areas that were covered by previously submitted exhibits, but he shall not be insulated from the associated risks.

The plaintiff also complains that it is not fair that "in responding to Plaintiff's Motion to Strike [the court] will not allow Plaintiff to state any new objections to documents filed with the original Motion for Summary Judgment in this case which were not stated at that time." (Pl.'s Br. at 1.) In addition to the explanation I have already set forth, I point out to the plaintiff that this complaint misstates my analysis in the Memorandum and Order on the Plaintiff's Motion to Strike, filing 146. I never ruled, or even suggested, that the plaintiff was not allowed "to state any new objections to documents filed with the original Motion for Summary Judgment." (Pl.'s Br. at 1.) Instead, as I explained, I disregarded the plaintiff's motion to strike paragraphs 1-74 of the defendant's statement of facts because that portion of the plaintiff's motion was redundant and inconsistent with Local Rule 56.1. (See Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 1-5.)

The plaintiff himself argued that his motion to strike paragraphs 1-74 was merely a recasting of his previous Rule 12(N) response to those paragraphs into a formal motion to strike because he believed, mistakenly, that this is what I required of him:

> Second, Defendant is incorrect that Plaintiff made no objection to those documents when they were originally used. Plaintiff did object in response to the first 12(M) Statement. The only difference is that, Plaintiff has now formally moved to strike. As Defendant knows, this is what the Court instructed should be done when there is an issue of admissibility.

(Pl.'s Reply to Def.'s Response to Pl.'s Mot. to Strike, filing 141, at 1 (emphasis added).) The plaintiff's motion to strike, filing 134, is in the form of a response to the defendant's statement of facts. Indeed, it is in a form nearly identical to the plaintiff's original Statement of Material Facts Pursuant to Local Rule 12(N), filing 63. As I repeatedly explained after setting forth the purpose and requirements of Local Rule 56.1:

> [T]he plaintiff will not be permitted to add to these objections [in response to the defendant's first statement of material facts] in a new motion to strike after having months to reconsider them.
>
> . . . .
>
> . . . I cannot allow the plaintiff's response to the previous statement of facts [to] be supplemented months later through the present motion to strike.
>
> . . . .
>
> . . . While the plaintiff shall not be allowed to mount fresh attacks upon the prior statement of facts, it must be recognized that the plaintiff has already made arguments which remain viable to the same extent that the original statement of facts are presently material.

(Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 4-5 (emphasis in original).) Nowhere in that Memorandum and Order is it stated that the plaintiff may not move to strike documents submitted by the defendant. In fact, once again, I stated the contrary quite explicitly and with emphasis:

> Motions to strike may be filed when a party wishes to strike evidence. However, Local Rule 56.1 sets forth the proper format for responding to statements of facts while avoiding formal motions to strike. It is also certainly permissible for objections directed at the supporting materials to be raised in a Rule 56.1 response, thereby avoiding the need to file motions to strike altogether.

(Mem. and Order on Pl.'s Mot. to Strike, filing 146, at 2.) Quite frankly, I do not know how I could have done more to be clear and to be helpful to the parties under the admittedly unusual and difficult circumstances that have arisen in this case. The Memorandum and Order says nothing to discourage any party from submitting motions to strike evidence, but merely rejected the plaintiff's attempt to augment his still-viable response to paragraphs 1-74 of the defendant's statement of facts. The fact that the plaintiff's motion to strike is laden with arguments "moving to strike" bits and pieces of the defendant's exhibits does not distinguish his motion to strike from his response to the defendant's statement of facts. (Compare Pl.'s Statement of Material Facts Pursuant to Local Rule 12(N), filing 63, "12(N)(I)" ¶ 9 with Pl.'s Mot. to Strike, filing 134, at 12, ¶ k.) That is, merely changing the title of a document that wades through an opponent's Local Rule 56.1 statement of facts from a "response pursuant to Local Rule 56.1," to a "motion to strike" shall not permit a party to circumvent Local Rule 56.1. It is inescapable that the motion to strike was patterned after a Local Rule 56.1(b) response statement, and, especially in conjunction with the plaintiff's admission to that effect, I decided to disallow the portion of it

that was directed at paragraphs 1-74.

Finally and in passing, I note that Exhibit 4 was never cited in the plaintiff's original Statement of Material Facts Pursuant to Local Rule 12(N), filing 63.[4] Thus, even though it is true that the plaintiff submitted Exhibit 4 in connection with his opposition to the defendant's first motion for summary judgment, he never properly relied upon it in his response. In a sense, the plaintiff's reliance upon Exhibit 4 in opposition to the present motion represents its first use in this litigation, and it would be odd to conclude that "equity" prohibits the defendant from moving to strike an exhibit that has only recently been properly cited for the first time.

**IT IS ORDERED** that the Defendant's Motion to Strike Records of Department of Employment Security, Exhibit 4, filing 161, is granted.

Dated February 21, 2002.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

---

[4]The plaintiff may have intended to cite to Exhibit 4 in paragraph 121(d) of the plaintiff's "Rule 12(N)(II)" statement, but erroneously cited to Exhibit 16 instead.