Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 2/21/2002 |
| **CASE TITLE** | A. Robert McKay vs. Town & Country Cadillac, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum and Oder: Defendant's motion to strike records of General Motors, Exhibit V (160-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 26 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CM | 186 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/21/2002 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| A. ROBERT McKAY, | ) | 97 C 2102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER ON THE |
| vs. | ) | DEFENDANT'S MOTION TO STRIKE |
| | ) | RECORDS OF GENERAL MOTORS, |
| TOWN AND COUNTRY CADILLAC, | ) | EXHIBIT V |
| INC. and MAX COHEN, | ) | |
| | ) | |
| Defendants | ) | |

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) The plaintiff has submitted a number of exhibits in response to the defendant's motion. (See filings 148, 149, and 150.) Now before me is the Defendants' [sic] Motion to Strike Records of General Motors, Exhibit V, filing 160. I find that the defendant's motion must be granted.

**ANALYSIS**

Plaintiff's Exhibit V is a chart titled only with the following caption:

Data for paragraph #7, Top 50 Reports; no such report on record, following is actual zone ranks. Town and Country Cadillac, Naperville, IL

(Pl.'s Addendum of Exhibits, filing 148, Ex. V.) The exhibit is also accompanied by a foundational affidavit. (Id., Grybel Aff.)

The evidence submitted in support of factual statements presented to the court pursuant to Local Rule 56.1 need not be in an admissible form, but must represent admissible evidence. Malec v. Sanford, 191 F.R.D. 581, 585 (N.D. Ill. 2000). Thus, exhibits that fail to represent admissible evidence may be excluded from consideration on summary judgment. Corder v. Lucent Technologies Inc., 162 F.3d 924, 927 (7th Cir. 1998) (citing Chrysler Credit Corp. v. Marino, 63 F.3d 574, 580 (7th Cir. 1995)). Here, the parties appear to be in agreement that Exhibit V contains hearsay. (See Def.'s Mot. to Strike Records of General Motors, Exhibit V, filing 160, [hereinafter Def.'s Br.] at 2; Pl.'s Response to Def.'s Mot. to Strike Exhibit V – GM Records, filing 166, [hereinafter Pl.'s Br.] at 1.) However, the parties disagree whether a proper

1

foundation has been laid to permit a finding that the exhibit contains admissible hearsay under Federal Rule of Evidence 803(6), and whether the exhibit has been properly authenticated.

Rule 803(6) states, in relevant part:

> The following are not excluded by the hearsay rule . . .
> (6) Records of Regularly Conducted Activity.--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FED. R. EVID. 803(6). In this case, the plaintiff has provided an affidavit that attempts to lay a foundation for the admissibility of Exhibit V under Rule 803(6). (Pl.'s Addendum of Exhibits, filing 148, Ex. V, Grybel Aff.) Therein the affiant states, *inter alia*, that she is "employed by General Motors Corporation Legal Staff as a Legal Assistant," that she is "responsible for locating and submitting documents responsive to subpoenas received by and directed to General Motors," that the documents she submits pursuant to such subpoenas "are taken from the records of General Motors which it is in the regular practice of GM to make and which are kept in the course of regularly conducted business," and that Exhibit V is a "true and accurate reproduction[] of the records of General Motors, kept in the course of business, which [is] responsive to the requests made in the [plaintiff's] subpoena." (Id. ¶¶ 1-6.) In order for the affiant to be considered as a "qualified witness" for the purposes of Rule 803(6), she need not have "personally participated in the creation or maintenance of a document," but "need only be someone with knowledge of the procedures governing the creation and maintenance of the type of records sought to be admitted." United States v. Keplinger, 776 F.2d 678, 693-94 (7th Cir. 1985). I recognize that the phrase "qualified witness" must be given "the broadest possible interpretation," id. at 694, and I am willing to grant that the affiant has established that she has knowledge of the procedures governing the <u>maintenance</u> of the type of record presented as Exhibit V. (Pl.'s Addendum of Exhibits, filing 148, Ex. V, Grybel Aff.) However, although the affiant states that the exhibits she gathers and submits, such as Exhibit V, are "taken from the records of General Motors which it is in the regular practice of GM to make," (id. ¶ 3), I cannot infer from Ms. Grybel's affidavit that she has knowledge of the procedures governing the <u>creation</u> of a record such as Exhibit V. (Id. ¶¶ 1-7.) I find that the affiant has not established that she is a "qualified witness" within the meaning of Federal Rule of Evidence 803(6), and as a result, the plaintiff has failed to lay a foundation for the admissibility of Exhibit V under that rule.

2

**IT IS ORDERED** that the Defendant's Motion to Strike Records of General Motors, Exhibit V, filing 160, is granted.

Dated February 21, 2002.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

3