
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 2/26/2002 |
| **CASE TITLE** | McKay vs. Town & Country Cadiillac | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum and Order: Defendant's motion to strike the affidavit of Ken Bacigalupo - Exhibit H and Phone Records - Exhibit R, (158-1) is granted in part. Paragraphs 19 through 38 of the Affidavit of Ken Bacigalupo and the entirety of plaintiff's Exhibit R shall receive no consideration in connection with the plaintiff's opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 15 2002 | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2/26/2002 | |
| GL | courtroom deputy's initials | 02 MAR 15 AM 8:21 | date mailed notice GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

A. ROBERT McKAY,   )   97 C 2102
                   )
    Plaintiff,     )
                   )
vs.                )   MEMORANDUM AND ORDER ON THE
                   )   "DEFENDANT'S MOTION TO STRIKE
                   )   THE AFFIDAVIT OF KEN
TOWN AND COUNTRY CADILLAC, )   BACIGALUPO–EXHIBIT H AND
INC. and MAX COHEN,   )   PHONE RECORDS–EXHIBIT R"
                   )
    Defendants     )

DOCKETED MAR 1 5 2002

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) The plaintiff has submitted a number of exhibits in response to the defendant's motion. (See filings 148, 149, and 150.) Now before me is the "Defendants' [sic] Motion to Strike the Affidavit of Ken Bacigalupo - Exhibit H and Phone Records - Exhibit R," filing 158. I find that the defendant's motion must be granted in part.

## ANALYSIS

Plaintiff's Exhibit H includes an affidavit signed by Ken Bacigalupo, who was General Manager of Town and Country Cadillac from 1990 until September of 1996. (Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. at 1.) In his affidavit, Bacigalupo refers to plaintiff's Exhibit R,[1] but Exhibit R has never been submitted to the court. Instead, the following statement appears at Exhibit R of the plaintiff's Addendum of Exhibits:

### Exhibit R Telephone Records

Due to the fact that these documents total over 3000 pages and that they

---

[1]To be precise, Bacigalupo refers to "telephone records showing numbers called from Town and Country which are attached, due to their bulk, as a separate Exhibit, Exhibit AAA." (Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. ¶ 19.) Bacigalupo's affidavit is accompanied by the affidavit of Lucy Vazquez, which states that the Exhibit AAA referred to by Mr. Bacigalupo consists of "the same records Plaintiff has referenced as Exhibit R to Plaintiff's 56.1 Statement." (Pl.'s Addendum of Exhibits, filing 148, Ex. H, Vazquez Aff. ¶ 4; see also id. ¶¶ 3-5.)

1

were produced by Defendant who has a copy of them, Plaintiff will retain them
pursuant to Local Rule 26.3 unless the Court requests that they be filed with the
Clerk and/or sent directly to the Court. That will be done promptly.

(Pl.'s Addendum of Exhibits, filing 148, Ex. R.) Local Rule 26.3 states:

> LR26.3. Discovery Materials Offered in Evidence as Exhibit
>
> Except as provided by this rule, discovery materials, including disclosure of
> expert testimony, shall not be filed with the court. The party serving the discovery
> materials or taking the deposition shall retain the original and be custodian of it.
> The court, on its own motion, on motion of any party, or on application by a non-
> party, may require the filing of any discovery materials or may make provisions
> for a person to obtain a copy at that person's own expense.
>
> Where discovery materials are offered into evidence as an exhibit, the attorney
> producing them will retain them unless the court orders them deposited with the
> clerk. Where the court orders them deposited, they will be treated as exhibits
> subject to the provisions of LR79.1.

U.S. Dist. Ct. Rules N.D. Ill., Local Rule 26.3.

Federal Rule of Civil Procedure 56(e) provides that when a party submits affidavits in support of or in opposition to a motion for summary judgment, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." FED. R. CIV. P. 56(e). Rule 56(e) sets out its requirements "in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during consideration of the summary judgment motion." Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir. 1987). Where the size of records makes "attachment [to the affidavit] physically difficult or impossible," "specific and accurate citation" to those records has been held sufficient in lieu of attachment when the records are available elsewhere in the record. Id. Here, however, the affiant's general references to the allegedly voluminous Exhibit R are unavailing because Exhibit R appears nowhere in the record. The plaintiff's reliance upon Local Rule 26.3 to avoid providing the court with a copy of Exhibit R is misplaced. Local Rule 26.3 cannot be given an interpretation that conflicts with Rule 56(e). Stewart v. McGinnis, 5 F.3d 1031, 1034-35 (7th Cir. 1993); Colgrove v. Battin, 413 U.S. 149, 161 n.18 (1973); 28 U.S.C. § 2071(a). Therefore, the plaintiff's suggestion that Local Rule 26.3 excuses him from submitting an exhibit that he is required to attach to an opposing affidavit pursuant to Rule 56(e) must be rejected.

The plaintiff's failure to submit Exhibit R properly is all the more unforgivable in light of the fact that I have previously provided the plaintiff with explicit suggestions regarding the proper submission of this exhibit. In opposition to the defendant's original motion for summary judgment, filing 46, the plaintiff submitted an analysis of the telephone records along with the

2

affidavit of Roberta Graff. (Pl.'s Addendum of Exhibits, filing 59, Ex. 14, 24, 26, 40.) In the Memorandum and Order on Defendants' Motion to Strike the Affidavit of Plaintiff's Attorney's Paralegal Roberta J. Graff, filing 102, I stated:

> As for ¶7 - 10 of the affidavit, I agree with the defendants that the affidavit fails to comply with Rule 56(e), which clearly states that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." The telephone records referred to by Ms. Graff are not in the record.
>
> The plaintiff's argument that the documents need not be attached to the affidavit pursuant to Fed.R.Evid. 1006 is not persuasive. Summaries of voluminous materials may indeed be admissible in order to allow a judge or jury to examine their contents. In United States v. Briscoe, 896 F.2d 1476, 1495 (7th Cir. 1990), and United States v. Drougas, 748 F.2d 8, 25 (1st Cir. 1984), summaries were admitted when the underlying voluminous original material was in the record. Since the underlying evidence is not in the record here, these cases are inapposite.
>
> The only case cited by the plaintiff in which the underlying voluminous evidence was not a part of the record is Martin v. Funtime, Inc., 963 F.2d 110, 115-116 (6th Cir. 1992), which found that under Rule 1006, summaries of personnel records were admissible when the underlying voluminous documents were admissible (although not introduced in evidence). . . .
>
> I find that I cannot apply the Sixth Circuit's analysis in Martin to the present case. Ms. Graff's affidavit purports to be an analysis, not a mere summary of the relevant portions of a voluminous record. . . . Therefore they do not fall within FED.R.EVID. 1006.
>
> The fact that the affidavit is so barren that it is difficult to tell what documents support the analyses nicely illustrates the wisdom inherent in the requirement under Rule 56(e) that sworn or certified copies of all papers referred to in an affidavit must be attached. In this case, Rule 56(e) requires at minimum that the telephone records and personnel files be attached, or at least cited to with specificity if they are already a part of the record. Friedel v. City of Madison, 832 F.2d 965, 970 (7th Cir. 1987). Pursuant to both FED.R.CIV.P. 56(e) and FED.R.EVID. 1006, the plaintiff might have attempted to lay a foundation for the admissibility of the phone records and personnel files relied upon, produced admissible summaries that contained the portions of the records that were relevant to Ms. Graff's analysis, and attached those summaries to the affidavit. Thus, the attachment of the entire voluminous phone record and the entire personnel files to the affidavit might have been avoidable.

3

(Mem. and Order on Defs.' Mot. to Strike the Aff. of Pl.'s Attorney's Paralegal Roberta J. Graff, filing 102, at 3-4.) The plaintiff declined to avail himself of my suggestion, or to submit his exhibit as required by Rule 56(e). As a result, Exhibit R shall not be considered in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim, and those paragraphs of Exhibit H that refer to Exhibit R also shall receive no consideration.

The defendant has also moved to strike portions of Exhibit H that are unconnected with Exhibit R. First, the defendant argues that references to the plaintiff's alcoholism in paragraphs 9-11 and 14 of Bacigalupo's affidavit must be stricken because they are inconsistent with Mr. Bacigalupo's previous deposition testimony. (Def.'s Mot. to Strike the Aff. of Ken Bacigalupo - Ex. H & Phone Records - Ex. R [hereinafter Def.'s Br.], filing 158, at 4-5. See also Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. ¶¶ 9-11, 14.) The defendant claims that in his deposition, Bacigalupo did not indicate the plaintiff was an alcoholic, but that the plaintiff had "a drinking problem." (Def.'s Br. at 4-5 (citing Def.'s Br. Ex. C, Bacigalupo Dep. at 81).) In response, the plaintiff points out that the terms such as "alcoholic" or "alcoholism" were used throughout the deposition by counsel and Mr. Bacigalupo in reference to the plaintiff. (See Pl.'s Br. Ex. 2, Bacigalupo Dep. at 74:3-7; 82:24-83:10; 133:9-16; 137:13-18; 151:19-152:1; 200:21-24; 276:1-3; 291:18-292:3.) It is true that "parties cannot thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions." Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1168 (7th Cir. 1996). However, this rule against contradictory affidavits "applies only to cases in which the statements are inherently inconsistent and in which the contradiction is not the result of an honest discrepancy or newly discovered evidence." Id. at 1169 n.10. Here, not only is any degree of inconsistency between the notions of "alcoholism" and "a drinking problem" inherently slight, but counsel and the witness apparently were not mindful of any such inconsistency, as the deposition lines cited by the plaintiff demonstrate. In his deposition, Bacigalupo clearly used the terms "alcoholism" and "alcoholic" in connection with the plaintiff. (See Pl.'s Br. Ex. 2, Bacigalupo Dep. at 133:9-16; 291:18-292:3.) Therefore I cannot conclude that the references to alcoholism in paragraphs 9-11 and 14 of Exhibit H are inconsistent "shams" intended to thwart the purposes of Rule 56. Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d at 1168. The defendant's motion to strike those references shall be denied.

Next, the defendant moves to strike the assertion that the plaintiff "had to regularly attend AA meetings" from paragraph 12 of Bacigalupo's affidavit. (Def.'s Br. at 5. See also Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. ¶ 12.) The defendant argues that this assertion is inconsistent with Bacigalupo's previous deposition testimony, wherein Bacigalupo stated, "He was going to Alcoholics Anonymous." (Def.'s Br. at 5 (citing Def.'s Br. Ex. C, Bacigalupo Dep. at 82:6-9).) I see no inherent inconsistency between the two statements. Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d at 1169 n.10. There is no indication that Bacigalupo testified in his deposition that the plaintiff <u>did not</u> attend AA meetings regularly, which would be inherently inconsistent with paragraph 12 of Exhibit H. Paragraph 12 shall not be stricken.

Finally, the defendant argues that paragraph 14 of Exhibit H must be stricken in its entirety. (Def.'s Br. at 6.) Paragraph 14 states:

> I told Mr. Cohen that Bob was an alcoholic, but was not drinking any more and was working on his problem and was attending AA.

(Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. ¶ 14.) The defendant argues that this statement is inconsistent with Bacigalupo's deposition testimony, wherein Bacigalupo stated, "This - - I'm a little hazy on this one, but I can tell you what I believe happened. I went to Max and told him I believe that Bob had a problem that he came to me with and he was seeking help." (Def.'s Br. at 6 (citing Def.'s Br. Ex. C, Bacigalupo Dep. at 83:14-19).) Again, I do not see any inherent inconsistency between Bacigalupo's deposition testimony and affidavit. Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d at 1169 n.10. The defendant would have Bacigalupo's deposition testimony stand for the proposition that Bacigalupo did not "[tell] Mr. Cohen that [the plaintiff] was an alcoholic [who] was not drinking any more and was working on his problem and was attending AA." (Pl.'s Addendum of Exhibits, filing 148, Ex. H, Bacigalupo Aff. ¶ 14.) However, I cannot agree with this interpretation of Bacigalupo's admittedly "hazy" deposition testimony. (Def.'s Br. Ex. C, Bacigalupo Dep. at 83:14.) Nor can it be argued that in his deposition, Bacigalupo was asked questions that would support the defendant's strict interpretation of Bacigalupo's response. (See Def.'s Br. Ex. C, Bacigalupo Dep. at 83:11-13.) The rule against thwarting the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict prior testimony is to be applied much less liberally than the defendant has argued. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d at 1169-70 ("To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness (in this case, the affiant) was stating the truth." (quoting Tippens v. Celotex Corp., 805 F.2d 949, 953-54 (11th Cir. 1986))).

**IT IS ORDERED** that the Defendant's Motion to Strike the Affidavit of Ken Bacigalupo - Exhibit H and Phone Records - Exhibit R, filing 158, is granted in part. Paragraphs 19 through 38 of the Affidavit of Ken Bacigalupo and the entirety of Plaintiff's Exhibit R shall receive no consideration in connection with the plaintiff's opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim.

Dated February 26, 2002.

BY THE COURT

Warren K. Urbom
United States Senior District Judge

5