# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Warren K. Urbom | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 2102 | **DATE** | 4/1/2002 |
| **CASE TITLE** | A. Robert McKay vs. Town & Country Cadillac, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum and Order: Defendant's motion to strike the second affidavit of A. Robert McKay, (157-1), is granted in part. The portions of the affidavit designated in the accompanying memorandum shall not be considered in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | APR 09 2002 | | 189 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 4/1/2002 | | |
| | | | date mailed notice | | |
| GL | courtroom deputy's initials | | GL | | |
| | | | mailing deputy initials | | |

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| A. ROBERT McKAY, | ) | 97 C 2102 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER ON THE |
| vs. | ) | DEFENDANT'S MOTION TO STRIKE |
| | ) | THE SECOND AFFIDAVIT OF |
| TOWN AND COUNTRY CADILLAC, | ) | A. ROBERT McKAY |
| INC. and MAX COHEN, | ) | |
| | ) | |
| Defendants | ) | |

Defendant Town and Country Cadillac, Inc. has moved for summary judgment on the plaintiff's claim of retaliation in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12203. (Filing 128.) The plaintiff has submitted a number of exhibits in response to the defendant's motion. (See filings 148, 149, and 150.) One of these is the affidavit of A. Robert McKay. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff.) Now before me is the "Defendants' [sic] Motion to Strike the Second Affidavit of A. Robert McKay,"[1] filing 157. I find that the defendant's motion must be granted in part.

## ANALYSIS

The second affidavit of Plaintiff A. Robert McKay appears as Exhibit B in the plaintiff's addendum of exhibits in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. See also Def.'s Mot. to Strike the Second Aff. of A. Robert McKay [hereinafter Def.'s Br.], Ex. A.) The defendant has submitted various arguments in support of striking each of the eighty-one paragraphs of this affidavit. My analysis of those arguments follows.

### A. Paragraphs 1-20

In paragraphs 1-20 of his affidavit, the plaintiff describes the effects of his alcohol use on his life. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 1-20.) The defendant argues that these paragraphs have no relevance to the motion for summary judgment on the

---

[1] The affidavit is referred to as the "second" affidavit of McKay because McKay filed a different affidavit in opposition to the defendant's original motion for summary judgment. (See Pl.'s Addendum of Exhibits, filing 59, Ex. 1, McKay Aff.)

plaintiff's retaliation claim, and that therefore those paragraphs are inadmissible pursuant to Federal Rule of Evidence 402. The evidence submitted in support of factual statements presented to the court pursuant to Local Rule 56.1 need not be in an admissible form, but must represent admissible evidence. Malec v. Sanford, 191 F.R.D. 581, 585 (N.D. Ill. 2000). Thus, exhibits that fail to represent admissible evidence may be excluded from consideration on summary judgment. Corder v. Lucent Technologies Inc., 162 F.3d 924, 927 (7th Cir. 1998) (citing Chrysler Credit Corp. v. Marino, 63 F.3d 574, 580 (7th Cir. 1995)). This means that if paragraphs 1-20 of the plaintiff's affidavit are indeed inadmissible under Rule 402, they shall not be considered in opposition to the defendant's motion for summary judgment. See, e.g., id. (noting that the failure to provide admissible evidence is a permissible ground for excluding materials from consideration.)

The defendant argues first that since it has already been determined that the plaintiff is not disabled within the meaning of the ADA (see Mem. & Order on Defendant Town and Country Cadillac's Mot. for Summ. J., filing 99, at 15), paragraphs 1-20 are not relevant to the present motion. (Def.'s Br. at 5.) In response, the plaintiff argues that whether he had a good faith, reasonable belief that he was disabled is an issue that remains to be resolved in the pending motion for summary judgment, and that paragraphs 1-20 of the affidavit are relevant to this issue. (Pl.'s Response to Def.'s Mot. to Strike the Second Aff. of A. Robert McKay [hereinafter Pl.'s Br.] at 4-6.)

The arguments presented by the defendant and the plaintiff are similar to the arguments raised in connection with the Defendant's Motion to Strike Exhibits P and Q.[2] (See Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q, filing 159, at 2; Pl.'s Response to Def.'s Mot. to Strike Ex. P & Q, filing 167, at 1-2.) For the reasons stated in the Memorandum and Order on the Defendant's Motion to Strike Exhibits P and Q, I must reject the defendant's argument that the previous finding that the plaintiff was not disabled automatically renders paragraphs 1-20 of Exhibit B irrelevant to the present motion. (See Mem. and Order on the Def.'s Mot. to Strike Ex. P & Q at 2-3.) To refresh, therein I stated:

> "It is a well-established principle that, to receive protection under the ADA, a plaintiff [raising a claim of retaliation] must have acted 'in good faith and with a reasonable and sincere belief that he or she is opposing unlawful discrimination.'" Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995)) (emphasis omitted). "Specifically, in retaliation cases, whether under Title VII or the ADA, 'it is good faith and reasonableness, not the fact of discrimination, that is the critical inquiry.'" Id. (quoting Rucker v. Higher

---

[2]Exhibit P contains "medical and treatment records for A. Robert McKay" obtained from the Records Custodian for "Lutheran General Hospital/Parkside/West Pavillion." (Pl.'s Addendum of Exhibits, filing 148, Ex. P, Kornak Aff.) Exhibit Q contains copies of records of Mr. McKay's sessions with a licensed clinical social worker. (Id., Ex. Q, Charlton Aff.)

Educ. Aids Bd., 669 F.2d 1179, 1182 (7th Cir. 1982)). As stated by the Eighth Circuit, the plaintiff need not establish that the conduct he opposed was in fact discriminatory in order to prevail on his retaliation claim, "but rather must demonstrate a good faith, reasonable belief that the underlying conduct violated the law." Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189, 1195 (8th Cir. 2001) (quoting Buettner v. Arch Coal Sales, Co., Inc., 216 F.3d 707, 714 (8th Cir. 2000)). Since it is "good faith and reasonableness, not the fact of discrimination" that is at issue in the pending motion for summary judgment on the plaintiff's retaliation claim, I must reject the defendant's argument that the previous finding that the plaintiff was not disabled automatically renders Exhibits P and Q irrelevant to the present motion. Talanda v. KFC National Management Co., 140 F.3d at 1096.

(Mem. and Order on the Def.'s Mot. to Strike Ex. P & Q at 2.) Similarly, the previous finding that the plaintiff was not disabled does not automatically render paragraphs 1-20 of McKay's second affidavit irrelevant to the issue of whether the plaintiff held a good faith and reasonable, sincere belief that he was opposing unlawful discrimination. Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998).

In its reply brief, the defendant responds that "a plaintiff cannot have a *reasonable* belief about something that is not legally cognizable." (Def.'s Reply in Supp. of Its Mot. to Strike the Second Aff. of A. Robert McKay [hereinafter Def.'s Reply Br.] at 3.) It also adds that there is no evidence that the plaintiff actually knew of the definition of a disability for the purposes of the ADA, harbored a belief that he was disabled, or understood the relevant law at the time of the alleged adverse employment actions. (Id. at 3-4.) It seems to me that to resolve these arguments here could be tantamount to resolving the defendant's pending motion for summary judgment in its entirety. Indeed, the defendant has noted that these arguments are raised, at least in part, in the defendant's motion for summary judgment and reply. (See Def.'s Reply Br. at 3.) Therefore I feel that it would be best to retain these arguments until they arise in the context of the defendant's motion for summary judgment, where they are more fully briefed by both parties, rather than attempt to resolve them in a preliminary motion to strike.

The defendant also argues that since it has been established that the alleged adverse employment actions taken against the plaintiff occurred during a time when the plaintiff *was not using alcohol*, paragraphs 1-20 are irrelevant because they describe *the effects of alcohol use* upon the plaintiff. (Def.'s Br. at 5-6.) An analogous argument was raised in the Defendant's Motion to Strike Exhibits P and Q, wherein the defendant contended that since the adverse employment actions occurred in June of 1996, records from other time periods relating to the plaintiff's alcohol use were not relevant. (See Def.'s Br. in Supp. of Mot. to Strike Ex. P & Q, filing 159, at 2-3.) In disposing of that argument, I stated:

The defendant also claims that the exhibits are irrelevant because they do not describe the plaintiff's condition at any meaningful time. . . . The plaintiff

argues that, nevertheless, both exhibits are relevant to whether the plaintiff had a reasonable belief that he was engaging in protected activity in June 1996.

> . . . [T]he plaintiff argues that the reasonableness of the plaintiff's belief that he was disabled must be measured against the substantive law *at the time of the offense.* . . . In the present case, it matters greatly whether the reasonableness of the plaintiff's belief is measured against the state of the law in 1996, as opposed to the current state of the law, due to dramatic changes in the law that occurred in the interim. Prior to the decision of the United States Supreme Court in Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-489 (1999), it was clearly established law in this circuit that "[t]he determination of whether a condition constitutes an impairment, or the extent to which the impairment limits the individual's major life activities must be made *without regard to the availability of mitigating measures such as medicines, or assistive or prosthetic devices.*" Roth v. Lutheran General Hospital, 57 F.3d 1446, 1454 (7th Cir. 1995) (emphasis added). In Sutton, however, the Court found that "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures--both positive and negative--must be taken into account when judging whether that person is "substantially limited" in a major life activity and thus "disabled" under the Act. Sutton v. United Air Lines, Inc., 527 U.S. at 482.

> It seems to me that if a plaintiff can demonstrate that he reasonably believed that he was opposing unlawful discrimination at the time of the allegedly discriminatory acts, his reasonable belief ought not be rendered "unreasonable" by subsequent material changes in the state of the relevant law. In other words, in this case I find that although the Supreme Court decided in Sutton that corrective measures must be taken into account when judging whether a plaintiff is disabled under the ADA, it does not follow that the plaintiff could not have reasonably believed that he was opposing unlawful conduct prior to Sutton, given the state of the law in the Seventh Circuit in 1996. Arguably, prior to Sutton and under Roth, the fact that a plaintiff's alcoholism might have been controlled via mitigating measures (i.e., abstinence from alcohol consumption) would not have been considered. Therefore, theoretically a plaintiff who engaged in a protected expression under the ADA could reasonably believe that he opposed unlawful discrimination during a time of abstinence from alcohol use.

(Mem. and Order on the Def.'s Mot. to Strike Ex. P & Q at 3-5.) Since the substantive law at the time of the alleged adverse employment actions is to be considered in connection with the issue whether the plaintiff had a reasonable belief that he was engaged in protected expression, and since under the relevant substantive law, no consideration would have been given to corrective measures available to the plaintiff (such as abstinence from alcohol use), I cannot conclude that paragraphs 1-20 of the affidavit are irrelevant to the determination of the issues raised in the defendant's motion for summary judgment on the plaintiff's retaliation claim. The paragraphs

shall therefore not be stricken pursuant to Federal Rule of Evidence 402.

### B.    Paragraphs 21-24

Paragraphs 21-24 of the affidavit are apparently offered to explain that in his deposition, the plaintiff failed to specifically identify the defendant's alleged retaliatory actions against him because the defendant's counsel confined his questions to "acts of discrimination." (See Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 21-24.) The defendant argues that these paragraphs must be stricken because they "do not allege facts, rather, they allege Plaintiff's interpretation and opinion concerning questions posed to him during his deposition and are completely self-serving, without factual support in the record and in fact, [are] contrary to the record." (Def.'s Br. at 7.)

It is true that conclusory, self-serving statements that are unsupported by evidence in the record are "insufficient to avoid summary judgment." Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001). However, after reviewing the relevant pages of the plaintiff's deposition, I find that paragraphs 21-24 of the affidavit are neither conclusory nor unsupported by the record. (Compare Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 19:2-27:15 with Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 21-24.) In his deposition, the plaintiff was asked to provide a "complete list of all . . . allegations of specific acts of discrimination or any act of discrimination. (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 19:4-5.) In response to this request, the plaintiff eventually responded, "I feel that I was discriminated against through retaliatory actions." (Id. at 26:12-13.) The following exchange then took place:

> Q: The last one, retaliatory action, explain that to me.
> A: I felt that after I started complaining about the way I was being treated that it intensified.
> Q: That would have been during the period of May 30, 1996 to your date of termination, which would be June 26, 1996; is that correct?
> A: Yes.

(Id. at 27:8-15.) The plaintiff then expressed some uncertainty regarding the dates provided by counsel (id. at 28:1-24), which led to the following questions and answers:

> Q: Are you aware of any acts of retaliation after your termination?
> A: I don't remember any at this time.
> Q: Do you have any documents that would indicate that or refresh your memory?
> A: I know if none unless you can offer me some. I don't know of any.
> Q: Anything else you want to add?
> A: No, sir.

(Id. at 29:1-9.)

In sum, in the plaintiff's deposition, counsel asked the plaintiff for a list of specific acts of discrimination. (Id. at 19:2-26:19.) In response to that request, the plaintiff provided, inter alia, "retaliatory actions" as a specific act of discrimination. (Id. at 26:12-13.) Counsel sought a clarification of what the plaintiff meant by "retaliatory actions" and identified the time period when such actions would have occurred. (Id. at 27:8-29:9.) Counsel did not ask the plaintiff to describe with particularity any alleged retaliatory actions or to provide any examples of retaliatory actions, even though counsel apparently recognized that the alleged retaliatory actions could have occurred anytime between May 30, 1996 and June 26, 1996. It seems to me that paragraphs 21-24 of the plaintiff's affidavit merely describe, with reasonable accuracy, the questioning that occurred at the plaintiff's deposition in an attempt to emphasize the fact that the plaintiff was not asked to set forth specific examples of retaliatory actions. This is not a situation where the plaintiff is attempting to "'patch-up potentially damaging deposition testimony' with a contradictory affidavit." Commercial Underwriters Insurance Co. v. Aires Environmental Services, Ltd., 259 F.3d 792, 799 (7th Cir. 2001) (quoting Maldonado v. U.S. Bank, 186 F.3d 759, 769 (7th Cir. 1999)). The paragraphs shall not be stricken.

## C.    Paragraphs 25-27

In these paragraphs, the plaintiff states that in a particular meeting, Mr. Cohen never told the plaintiff that the plaintiff's demonstration car was being taken away due to insurance concerns. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 25-27.) The defendant argues that these paragraphs must be stricken because they are self-serving and lack factual support in the record. Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998). I disagree. These paragraphs are consistent with the plaintiff's prior deposition testimony, wherein the plaintiff described the relevant meeting with Mr. Cohen. (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 191:13-193:5.) The plaintiff's deposition contains no mention of Cohen raising insurance concerns in connection with the plaintiff's demonstration car. (Id.) Mr. Cohen, however, claims in his own deposition that he told the plaintiff that the plaintiff's car was to be taken away for insurance reasons. (Def.'s Br. Ex. F, Cohen Dep. at 278:2-15.) Paragraphs 25-27 of the plaintiff's affidavit are not merely self-serving, unreliable, speculative statements designed to create a baseless issue of fact. See Patterson v. Chicago Association for Retarded Citizens, 150 F.3d at 724. Instead, they emphasize that there is a genuine dispute between Cohen and the plaintiff regarding Cohen's "insurance" statement at that meeting. The paragraphs shall not be stricken.

## D.    Paragraphs 28-30

The defendant moves to strike these paragraphs because "they are merely redundant of Plaintiff's deposition testimony." (Def.'s Br. at 9.) The defendant argues that the presentation of evidence that has already been set forth in the plaintiff's deposition is a waste of time, and therefore the paragraphs may be excluded pursuant to Federal Rule of Evidence 403.

The defendant has not referred me to any portion of the plaintiff's deposition that

contains the evidence that is allegedly repeated in paragraphs 28-30 of the affidavit. Even if I were to assume that the affidavit merely repeats the plaintiff's deposition testimony, I would find that consideration of these three short paragraphs does not cause a significant waste of time. Paragraphs 28-30 shall not be stricken.

### E. Paragraph 31

Paragraph 31 states as follows:

> 31. By this,[3] I meant that I was getting help through abstention, AA and other self-help efforts similar to those I had learned when I was in treatment for my alcoholism at Parkside/Lutheran General in 1989.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 31.) The defendant argues that this statement must be stricken because "it is Plaintiff's conclusion, opinion, or interpretation of the statement he made. Further, it is completely self-serving and not capable of cross-examination . . . ." (Def.'s Br. at 10.) The defendant also claims that the statement contradicts the plaintiff's deposition testimony, since the plaintiff did not state "what he meant" by his prior statement during the deposition itself. Finally, the defendant argues that the statement is not relevant.

In support of its first argument, the defendant relies upon Rand v. CF Industries, Inc., 42 F.3d 1139, 1146 (7th Cir 1994), wherein the court stated:

> Rather, Rule 56 requires Rand to produce specific facts that cast doubt upon CFI's stated reasons for its action or raise significant issues of credibility. Corrugated Paper Products v. Longview Fibre Co., 868 F.2d 908, 914, 918 (7th Cir.1989). Rand is required to make this showing because he is only entitled to the benefit of all reasonable or justifiable inferences when confronted with a motion for summary judgment. See Cheek v. Western and Southern Life Insurance Co., 31 F.3d 497, 500 (7th Cir.1994); Dey v. Colt Const. & Development Co., 28 F.3d 1446, 1453 (7th Cir.1994).

> In Visser v. Packer Engineering Associates, Inc., 924 F.2d 655 (7th Cir.1991), this court affirmed the grant of summary judgment despite affidavits alleging a discriminatory animus, precisely because those affidavits did not contain specific facts supporting their conclusory allegations. Id. at 659-660. Inferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors, and "[d]iscrimination law would be

---

[3]'This' is a reference to the preceding paragraph of the affidavit, wherein the plaintiff states, "I had already told Mr. Cohen that I was going to do something about my alcoholism." (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 30.)

unmanageable if disgruntled employees ... could defeat summary judgment by affidavits speculating about the defendant's motives. There would be no summary judgments in age discrimination cases." Id. at 659 (citations omitted).

Rand v. CF Industries, Inc., 42 F.3d 1139, 1146 (7th Cir 1994). Here, however, the plaintiff does not "speculate" about the motives of the defendant. Paragraph 31 purports to be a statement of the plaintiff's own thoughts or intentions, which are within his personal knowledge. Therefore, the paragraph shall not be stricken on the ground that "it is Plaintiff's conclusion, opinion, or interpretation of the statement he made" or that "it is completely self-serving and not capable of cross-examination." (Def.'s Br. at 10.)

The defendant next argues that paragraph 31 contradicts the plaintiff's prior deposition testimony because in his deposition, the plaintiff "never told Cohen what he 'meant' by said statement." (Def.'s Br. at 10.) It has long been held that a party "cannot thwart the purposes of Rule 56 by creating "sham" issues of fact with affidavits that contradict [his] prior deposition[]." Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1168 (7th Cir. 1996)   A review of the relevant pages of the plaintiff's deposition indicates that indeed the plaintiff did not tell Cohen "what he meant" by his statement that he "was going to do something about [his] alcoholism." (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 30. See also Def.'s Br. Ex. E, McKay Dep. at 192-93.) However, in paragraph 31 of his affidavit, the plaintiff does not claim that he did tell Cohen "what he meant." Thus, I see no inherent inconsistency in the plaintiff's testimony, and therefore it shall not be stricken as contradictory. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169 n.10 (7th Cir. 1996) (noting that the rule against contradictory affidavits applies only when there is an inherent inconsistency between statements).

Finally, the defendant argues that paragraph 31 is not relevant because the plaintiff does not claim that he ever communicated "what he meant" to Mr. Cohen, and because the paragraph has no bearing on "whether an adverse job action occurred because [the plaintiff] opposed unlawful conduct under the ADA." (Def.'s Br. at 10.) In response, the plaintiff suggests that his "motivation and subjective beliefs are relevant to the issues of opposition or engaging in protected activity." (Pl.'s Br. at 9.)

At issue in the motion for summary judgment on the plaintiff's retaliation claim is whether the plaintiff acted "in good faith and with a reasonable and sincere belief that he . . . is opposing unlawful discrimination." Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995). "An employee demonstrating a prima facie case of retaliation under the ADA, as under Title VII, 'must establish that (1) he engaged in statutorily protected expression; (2) he suffered an adverse action; and (3) there is a causal link between the protected expression and the adverse action.'" Id. at 1095 (quoting Roth v. Lutheran General Hospital, 57 F.3d at 1459). The plaintiff does not explain how paragraph 31 is relevant to these issues, and I fail to see how the plaintiff's "motivation and subjective beliefs" set forth in paragraph 31 concerning what he meant when he

told Mr. Cohen that he was "going to do something about [his] alcoholism" are directly relevant to whether the plaintiff has a good faith, reasonable, and sincere belief that he was engaging in protected expression. (See Pl.'s Br. at 9; Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 30; Talanda v. KFC National Management Co., 140 F.3d at 1095-96.) Nevertheless, paragraph 31 might have some slim relevance to whether the plaintiff had a good faith, reasonable belief that he was disabled at the time of his meeting with Mr. Cohen, which may in turn be relevant to whether the plaintiff had a good faith, reasonable belief that he was engaging in protected expression. For that purpose, paragraph 31 shall remain viable in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim.

### F.    Paragraphs 35-37

In paragraph 35, the plaintiff claims that in 1989, he told his former employer, Francis Cadillac, about his alcoholism and his recovery efforts because he "wanted their understanding to help [him] remain in recovery." (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 35.) Paragraph 36 describes Francis Cadillac's response to the plaintiff's request for "understanding" set forth in paragraph 35. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 36. See also id. ¶ 35.) Specifically, paragraph 36 states:

> 36.    They were very supportive. They encouraged my participation at the
>        Lutheran General program, offered to pay for it if it was not covered by
>        insurance, gave me the time I needed to attend meetings, and generally
>        helped me deal with the stress of recovery and the triggers to drinking.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 36.) Finally, paragraph 37 of the affidavit states:

> 37.    I was seeking the same sort of understanding from Town and Country
>        when I revealed my alcoholism, although I did not know if I would need
>        time to attend meetings or help with paying for any treatment.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 37.) The defendant points out that in his deposition, the plaintiff was asked the following questions and provided the following answers:

> Q: So I take it then we can agree that because it did not affect your performance in
> any way, you never asked anybody at Town and Country for any type of
> accommodation because of your drinking; is that correct?
> A: One time, one time. I asked Max to be understanding of my problem.
> Q: All right. But other than that –
> A: That was the only special accommodation I had ever asked for.
> Q: You asked Max to be understanding of your problem; is that correct?
> A: Right, that's correct.

> . . . .
> Q: . . . At any time, did you ever ask for an accommodation because of your
> alcohol problem that specifically would change the manner or the conditions of
> your employment in any way whatsoever?
> A: No.
> Q: And that would be true up until your termination?
> A: That's correct.
> Q: I take it you never asked for any time off from work, any leave of absence, any
> relieving or slackening of your duties and responsibilities even for a temporary
> part of time because of your alcohol problem; is that correct?
> A: No, that's correct.

(Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 223:19-225:4.) In addition, in McKay's first affidavit he characterized his request for understanding to be "a general accommodation to remove the hostility being demonstrated by Mr. Cohen which was affecting my work environment and my relationship with Mr. Cohen and Mr. Laskeris," and he stated that this "is the same accommodation I asked for and received at Francis Cadillac." (Pl.'s Addendum of Exhibits, filing 59, Ex. 1, McKay Aff. ¶ 56.) It seems to me that taken together, paragraphs 35-37 of the affidavit are designed to assert that the plaintiff sought the same reaction from Town and Country that he received from Francis Cadillac, which allegedly included encouragement, an offer to pay for treatment if it were not covered by insurance, time off from work to attend meetings, and general help with the stress of recovery and the triggers to drinking. This assertion directly and inherently conflicts with his prior sworn statements, and I must conclude that the paragraphs are intended to create a "sham" issue to thwart summary judgment. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1168 (7th Cir. 1996). There is no indication that the conflict between the affidavit and the plaintiff's prior sworn statements can be attributed to "an honest discrepancy or newly discovered evidence." Id. at 1169 n.10. Since paragraphs 35-37 of the plaintiff's new affidavit are inherently inconsistent with his first affidavit and his prior deposition testimony, these paragraphs shall not be considered in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim.

## G.    Paragraphs 38-40

These paragraphs describe a conversation that occurred between the plaintiff and Ken Bacigalupo wherein the plaintiff claims to have explained his alcohol problem and the recovery steps he needed to take, and Bacigalupo allegedly responded that he would ask that the dealership assist the plaintiff in his recovery. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 38-40.) The defendant argues first that anything the plaintiff told Bacigalupo is irrelevant and must be stricken, because Bacigalupo "was not a decision maker in any of the alleged actions taken against Plaintiff." (Def.'s Br. at 14.) The defendant relies upon Bahl v. Royal Indemnity Co., 115 F.3d 1283, 1293 (7th Cir. 1997), wherein the court stated, "When considering whether the derogatory comments can be considered evidence of pretext and therefore of discrimination, we note first that Mr. Bahl offered no evidence that Gray was a decisionmaker or that he was able

to influence the firing decision. Therefore the remarks attributed to Gray are not actionable under Title VII." Bahl v. Royal Indemnity Co., 115 F.3d at 1293 (citing Wallace v. SMC Pneumatics, Inc., 103 F.3d 1394, 1400 (7th Cir. 1997); Weisbrot v. Medical College, 79 F.3d 677, 684-85 (7th Cir. 1996); Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 675-76 (1st Cir. 1996); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 97 (1st Cir. 1996)). Plainly, the court in Bahl was confronted with a somewhat different issue than that raised by the plaintiff's retaliation claim, wherein it must be determined whether the plaintiff acted "in good faith and with a reasonable and sincere belief that he . . . is opposing unlawful discrimination." Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995). Even if the reasoning in Bahl were extended to this case, the defendant argues only that Bacigalupo was not a decision-maker. Bahl states that derogatory comments cannot be considered evidence of pretext unless they were made by a decision-maker or someone who "was able to influence the firing decision." Bahl v. Royal Indemnity Co., 115 F.3d at 1293. The plaintiff argues that, at minimum, Bacigalupo was able to influence the actions taken against the plaintiff since the evidence shows that: 1) Bacigalupo was the General Manager at Town and Country and was the plaintiff's immediate supervisor; 2) Bacigalupo took away the plaintiff's demonstration car at Cohen's direction; 3) Bacigalupo had some role in the defendant's decision to dock the plaintiff's pay for absences; and 4) Bacigalupo spoke to the plaintiff about his allegedly excessive phone calls. (Pl.'s Br. at 11-12 (citing Def.'s 12(M) Statement of Undisputed Material Facts in Supp. of Its Mot. for Summ. J., filing 48, ¶¶ 6, 49, 62, 63, 68.)) It seems to me that the greater weight of the evidence suggests that Bacigalupo was in a position to influence decisions affecting the plaintiff's employment. Under the circumstances, I find that paragraphs 38-40 should not be stricken pursuant to Bahl.

Next, the defendant argues that paragraphs 38-40 are inconsistent with the plaintiff's previous deposition testimony. Previously, the plaintiff testified as follows:

Q: Now when you got there, what's the first thing that you did when you got to work?
A: I walked into my office and I believe I told Ken – I think I told Ken.
Q: And you have to be very precise as best you can remember.
A: I told Ken that I had a problem with alcohol and that I was trying to do something about it.
Q: Anything else you told Ken?
A: I don't remember.
Q: And what did Ken say to you?
A: He was very sympathetic, very supportive and he told me, "Why don't you talk to Max?"

(Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 190:3-15.) The plaintiff claims that he has read Bacigalupo's deposition, and that doing so has refreshed his memory about what was talked about in this conversation. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 32-33.) Specifically, the plaintiff now states:

38.     I explained to Mr. Bacigalupo my problem with alcohol, that I was an alcoholic and had relapsed into active drinking, but had not drunk since June 1, and had gone back into recovery.

39.     I explained that recovery meant total abstention from alcohol in any form, regular attendance at AA meetings and other self-help activities, among other things.

40.     Mr. Bacigalupo indicated he would discuss what I told him with Mr. Cohen and ask that the dealership assist me in my recovery efforts as needed.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 38-40.)

The courts are highly critical of attempts to patch up deposition testimony with affidavits. Russell v. Acme-Evans Co., 51 F.3d 64, 67 (7th Cir. 1995). "Where deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstances a plausible explanation for the discrepancy." Id. at 67-68. "When a party has been deposed and later files an affidavit which differs from the prior deposition testimony, '[i]f the later statement is sufficiently unlikely--to the point of unreliable--then it cannot be used to create a "genuine issue of material fact."'" Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998). Clearly, there are some discrepancies between the plaintiff's deposition and affidavit. Indeed, the plaintiff admits as much when he states that reviewing Bacigalupo's deposition has enhanced his memory. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 32-33.) I must determine whether the discrepancies amount to a sham, as the defendant argues, or whether a memory lapse explains the discrepancies as suggested by the plaintiff.

It seems to me that improved recollection might be a plausible explanation for the additional information set forth in paragraphs 38 and 39 of the affidavit. These paragraphs present additional information that is not inconsistent with the portion of the plaintiff's deposition testimony quoted above and is not inconsistent with Bacigalupo's deposition testimony, upon which the plaintiff relies for memory refreshment. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 190:3-15; Pl.'s Addendum of Exhibits, filing 148, Ex. D, Bacigalupo Dep. at 81:19-84:12.) However, paragraph 40 includes an assertion that Bacigalupo intended to ask Cohen to offer the plaintiff assistance. Given the plaintiff's prior testimony and Bacigalupo's deposition testimony, which each contain no hint of any such notion, I feel that it is unlikely that this assertion can be attributed to memories regained by reading Bacigalupo's deposition. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 190:3-15; Pl.'s Addendum of Exhibits, filing 148, Ex. D, Bacigalupo Dep. at 81:19-84:12.) Furthermore, the plaintiff previously testified that he never asked the dealership to assist in his recovery efforts, with the possible exception of the plaintiff's request for understanding and an end to Cohen's hostility. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 223:19-225:4; Pl.'s Addendum of Exhibits, filing 59, Ex. 1, McKay Aff. ¶ 56.) Additionally, in

his deposition the plaintiff was asked directly to relate what Bacigalupo told him, and the plaintiff made no mention of Bacigalupo's offer to ask the dealership for assistance. (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 190:13-20.) The statement in paragraph 40 of the affidavit claiming that such an offer was made is therefore inconsistent with the plaintiff's prior deposition testimony, see Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d at 1169 n.10, and I find that the assertion that Bacigalupo offered to ask the dealership for assistance on the plaintiff's behalf is unlikely to the point of being unreliable. See Patterson v. Chicago Association for Retarded Citizens, 150 F.3d at 724. For these reasons, that portion of paragraph 40 shall be disregarded in connection with the defendant's motion for summary judgment on the plaintiff's retaliation claim.

## H.    Paragraphs 32-41

The defendant argues that paragraphs 32-41 of the plaintiff's affidavit must be stricken because they are not relevant to whether the plaintiff "opposed unlawful conduct under the ADA." (Def.'s Br. at 15.) I have already determined that paragraphs 35-37 and a portion of paragraph 40 shall not be considered in opposition to the defendant's pending summary judgment motion. I therefore turn my attention to paragraphs 32-34, 38-39, 41, and the remaining portion of paragraph 40 to determine whether these paragraphs are indeed relevant.

It seems to me that paragraphs 32 and 33, which state that the plaintiff has read Bacigalupo's deposition and that doing so has refreshed his memory, are foundational paragraphs designed to explain why details that were not presented in the plaintiff's deposition testimony are being provided for the first time in subsequent paragraphs of the plaintiff's affidavit. (See Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 32-33.) Without such a foundation, the subsequent paragraphs could be stricken pursuant to Russell v. Acme-Evans Co., 51 F.3d 64, 67 (7th Cir. 1995) and Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998). Indeed, a portion of paragraph 40 has been stricken on this very basis. I find that paragraphs 32 and 33 are clearly relevant to the requisite foundation for subsequent paragraphs in the affidavit, and for that reason they shall not be stricken.

Paragraph 34 states that the plaintiff sought Bacigalupo and Cohen for understanding about his alcoholism and recovery. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 34.) This paragraph appears relevant to whether the plaintiff "opposed unlawful conduct under the ADA," (Def.'s Br. at 15) and therefore it shall not be stricken.

The defendant has already argued that paragraphs 38-40 are not relevant because Bacigalupo was not a decision maker in any of the alleged actions against the plaintiff, and I have rejected that argument. (See supra Part G.) Here, the defendant argues that these paragraphs are not relevant because they do not show that the plaintiff opposed unlawful conduct. (Def.'s Br. at 15.) While I agree with the defendant that these paragraphs are not relevant to whether the plaintiff *actually* opposed unlawful discrimination, it may be that the paragraphs are relevant to whether the plaintiff reasonably believed that he was disabled within the meaning of the ADA,

which may in turn be relevant to whether the plaintiff held *a good faith, reasonable and sincere belief* that he was opposing unlawful discrimination. See Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995)). For this purpose, paragraphs 38-39 and the portion of paragraph 40 that has not been stricken (see supra Part G) shall be considered in opposition to the defendant's motion for summary judgment.

Finally, paragraph 41 states that the plaintiff's car was taken by Bacigalupo following the plaintiff's meeting with Mr. Cohen. This would seem to be offered as evidence of an adverse employment action, which is one of the three components of the plaintiff's prima facie case of retaliation in violation of the ADA. See Talanda v. KFC National Management Co., 140 F.3d 1090, 1095 (7th Cir. 1998) ("An employee demonstrating a prima facie case of retaliation under the ADA, as under Title VII, 'must establish that (1) he engaged in statutorily protected expression; (2) he suffered an adverse action; and (3) there is a causal link between the protected expression and the adverse action.'"(quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995))). Since paragraph 41 appears to be relevant to the plaintiff's prima facie case, it shall not be stricken due to a lack of relevance.

The defendant also argues that paragraph 41 must be stricken because it is redundant with the plaintiff's deposition testimony. A similar argument was raised in connection with paragraphs 28-30 of the plaintiff's affidavit. (See supra Part D.) Once again, the defendant has not referred me to any portion of the plaintiff's deposition that contains the evidence that is allegedly repeated in paragraph 41. Moreover, I find that consideration of this short paragraph does not cause a significant waste of time. Paragraph 41 shall not be stricken.

## I.  Paragraphs 42-51

In summary, paragraphs 42-51 state that the plaintiff attempted to have conversations with Mr. Cohen about the plaintiff's demonstration car, Cohen's lack of understanding, and Cohen's hostility, but that Cohen refused to speak to the plaintiff. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 42-51.) The defendant argues that these paragraphs must be stricken because they contradict the plaintiff's prior deposition testimony. (Def.'s Br. at 16-18.)

The plaintiff testified in his deposition that he could not recall any statement that he heard "come out of Max Cohen's mouth" or any "statements or conversations by Max" after the June 3 meeting. (See Def.'s Br. Ex. E, McKay Dep. at 135:16-20, 136:3-5.) However, the plaintiff did volunteer that he recalled "several times saying hello to [Cohen] and he was unresponsive." (Id. at 136:1-2.) It is true that the plaintiff did not testify that, beyond saying "hello," he ever attempted to speak to Cohen about the demonstration car, the lack of understanding, and Cohen's hostility. Yet in his deposition, the plaintiff *was never asked whether he ever attempted to speak with Cohen* subsequent to their June 3 meeting. Under these circumstances, I find that I cannot conclude that the plaintiff's affidavit conflicts with the plaintiff's prior deposition testimony. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169-70 (7th Cir. 1996)

(noting that the rule against affidavits that conflict with prior testimony must be applied with caution.)

Paragraphs 47-51 of the affidavit state, in summary, that the plaintiff twice asked Bacigalupo to help the plaintiff arrange to speak with Cohen, but that on both occasions, Bacigalupo told the plaintiff that Cohen refused to speak to him. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 47-51.) The defendant argues that these paragraphs are inconsistent with the plaintiff's previous deposition testimony. Specifically, the plaintiff was asked, "Tell me everything you can recall about everything that was said by Ken and you in these conversations about your alcohol problem after your conversation with Max[.]" (Def.'s Br. Ex. E, McKay Dep. at 194:17-20.) In response to this line of questioning, the plaintiff *did not* testify that he ever asked Bacigalupo to help him communicate with Cohen. (See id. at 194:10-195:15.) However, the plaintiff argues that there is no inherent contradiction between his prior deposition testimony and his affidavit, because in his deposition the plaintiff was asked about conversations with Bacigalupo regarding his alcohol problem, not his attempts to communicate with Cohen.[4] (Pl.'s Br. at 13-14.) I find I must agree with the plaintiff. Absent an inherent inconsistency, the rule against contradictory affidavits should not be applied. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169 n.10 (7th Cir. 1996). Since the plaintiff was not asked whether he ever *attempted* to communicate to Cohen or anyone else about matters connected with his alcoholism, I shall not strike the paragraphs as inconsistent with prior deposition testimony.

Next, the defendant argues that paragraphs 42-51 are not relevant to the pending motion for summary judgment because, "In his deposition, [the plaintiff] identified the job actions he claims were taken against him. Getting the 'cold shoulder' was not one of them." (Def.'s Br. at

---

[4]In its reply brief, the defendant argues that "the very statements that [the plaintiff] is now claiming he made to Mr. Bacigalupo and that Mr. Bacigalupo now made to him were likewise about his drinking problem; his concern about his demo being taken away and his desire to talk to Mr. Cohen regarding the same." (Def.'s Reply Br. at 10.) I take the defendant's reply to mean that, although the plaintiff claims that he was questioned in his deposition only about conversations regarding his alcohol problem and not his efforts to communicate with Cohen, the statements set forth in the plaintiff's affidavit nevertheless should have been covered by certain questions asked during the plaintiff's deposition. I disagree. In addition, however, I note that paragraphs 46-51 state only that the plaintiff *tried* to speak to Cohen about his "demo being taken away" and Cohen's lack of understanding and hostility. (See Def.'s Reply Br. at 10; Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 46-51.) There is no indication that statements *were actually made* to Cohen, Bacigalupo, or anyone else. That is, there are no statements "about [the plaintiff's] drinking problem . . . his concern about his demo being taken away and his desire to talk to Mr. Cohen regarding the same" that the plaintiff claims were "made to Mr. Bacigalupo and that Mr. Bacigalupo now made to him." (Def.'s Reply Br. at 10.) It seems that the defendant might be misreading the relevant paragraphs in a manner that inappropriately broadens their scope.

18. The plaintiff responds that he did indeed complain of the "cold shoulder" he was receiving from Mr. Cohen. (Pl.'s Br. at 14.) It seems unlikely to me that receiving a "cold shoulder" could amount to an adverse employment action in any event. See, e.g., Kersting v. Wal-Mart Stores, Inc., #6025, 250 F.3d 1109, 1115 (7th Cir. 2001) ("[T]he ADA does not forbid 'every bigoted act or gesture that a worker might encounter in the workplace." (quoting Hunt v. City of Markham, Ill., 219 F.3d 649, 653 (7th Cir. 2000))). At any rate, whether or not Cohen's refusal to talk to the plaintiff amounts to an adverse employment action, it seems to me that evidence concerning communications between the plaintiff and Cohen is relevant to the question of whether the plaintiff engaged in a statutorily protected expression. See Talanda v. KFC National Management Co., 140 F.3d 1090, 1095 (7th Cir. 1998) ("An employee demonstrating a prima facie case of retaliation under the ADA, as under Title VII, 'must establish that . . . he engaged in statutorily protected expression . . . ." (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995)). The paragraphs shall not be stricken due to a lack of relevance.

Finally, the defendant argues that the paragraphs must be stricken because they contain inadmissible hearsay. The plaintiff responds that the paragraphs do not contain hearsay, but rather contain "party-admissions." (Pl.'s Br. at 14.) Pursuant to Federal Rule of Evidence 801(d)(2), a statement is not hearsay if it is offered against a party and is "the party's own statement, either in an individual or representative capacity" or if it is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FED. R. EVID. 801(d)(2)(A), (D). In reply to the plaintiff's response, the defendant does not appear to dispute that statements by Cohen fall within the purview of Rule 801(d)(2), but maintains that since Bacigalupo was not "the decision make[r]," his statements are hearsay. (Def.'s Reply Br. at 10.) Presumably, this contention is based upon the defendant's previous argument that paragraphs 38-40 must be stricken due to a lack of relevance because Bacigalupo was not a "decision maker," which I have rejected. (See supra Part G.) It seems to me that pursuant to Rule 801(d)(2), the statements attributed to Cohen and Bacigalupo that appear within paragraphs 42-51 are not hearsay. Therefore they shall not be stricken.

## J.    Paragraphs 52-53

Paragraph 52 of the affidavit recites the plaintiff's understanding of one of the defendant's arguments in support of its motion for summary judgment, and paragraph 53 states simply, "That is not true." (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 52-53.) The defendant argues that "these paragraphs do not assert statements of fact, but rather, merely recite Plaintiff's self serving denial and his opinion as the credibility of the evidence." (Def.'s Br. at 19.) The defendant's argument seems to me to be only directed at paragraph 53, and not paragraph 52. Therefore paragraph 52 will not be stricken.

Paragraph 53, standing alone, is inadequate to oppose the defendant's summary judgment motion. "[S]elf serving affidavits without factual support in the record will not defeat a motion for summary judgment." Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719,

724 (7th Cir. 1998) (quoting <u>Slowiak v. Land O'Lakes, Inc.</u>, 987 F.2d 1293, 1295 (7th Cir. 1993) (citation omitted)). However, it appears that subsequent paragraphs attempt to set forth a factual basis to support the plaintiff's statement that the claim set forth in paragraph 52 "is not true." (<u>See</u> Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 52-74.) I shall not strike paragraph 53, although it should be clear to the parties that the bald statement that the defendant's claim "is not true" does not help the plaintiff's opposition to the defendant's motion for summary judgment.

### K.  Paragraphs 54-55

Paragraphs 54 and 55 of the affidavit state as follows:

54.    I was upset in the meeting I had with Max Cohen that when I revealed my alcoholism, he immediately threatened to take away my demonstrator car.

55.    I complained in my original meeting with Max Cohen that I would not take a car away from someone who was getting help.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 54-55.) The defendant argues that these paragraphs are inconsistent with the plaintiff's prior deposition testimony. However, the defendant has not provided me with a citation to the specific portion of the plaintiff's deposition that it contends is contradicted by these paragraphs. I am not inclined to browse through the plaintiff's deposition to locate the alleged conflict. "Judges are not like pigs, hunting for truffles buried in briefs." <u>United States v. Dunkel</u>, 927 F.2d 955, 956 (7th Cir. 1991). Thus, the defendant's argument must be rejected.

In addition, the defendant argues that the paragraphs are irrelevant because "this court has already found that Mr. Cohen's decision to take Plaintiff's car away was not violative of the ADA." (Def.'s Br. at 20 (citing "Order of April 21,2000 on Defendant's Original Summary Judgment Motion at p. 15 - Exhibit "C" attached hereto.").) I have reviewed the portion of the memorandum cited by the defendant, and I find that the defendant's argument is without merit. (<u>See</u> Mem. and Order on Def. Town and Country Cadillac's Mot. for Summ. J., filing 99, at 15.) The paragraphs shall not be stricken.

### L.  Paragraphs 56-57

Paragraphs 56 and 57 of the affidavit state as follows:

56.    This was in the context of Mr. Cohen's linking the car to my alcoholism through his statements in the meeting.

57.    My point in making that statement was to point out that it was wrong to take the vehicle away because I revealed my alcoholism and was seeking

help and understanding.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 56-57.) The defendant argues that the paragraphs "are not statements of fact," but are merely the plaintiff's "interpretation of the conversation with Cohen when Plaintiff first revealed his problem with alcohol." (Def.'s Br. at 20.) It seems to me that the statements are within the affiant's personal knowledge, and therefore the paragraphs shall not be stricken.

In its reply brief, the defendant argues that the plaintiff "is trying to manufacture an issue of fact that does not exist" and that the paragraphs amount to a sham designed to thwart the purposes of summary judgment. (Def.'s Reply Br. at 11.) In addition, the defendant claims that the paragraphs are irrelevant, because "[i]t is what the Defendant heard that is relevant," not what the plaintiff "meant." (Id. at 11-12.) However, it is generally not appropriate to consider new arguments that are raised for the first time in a reply brief. See, e.g., Marie O. v. Edgar, 131 F.3d 610, 614 n.7 (7th Cir. 1997); United States v. Magana, 118 F.3d 1173, 1198 n.15 (7th Cir. 1997); Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir. 1992); Kastel v. Winnetka Board of Education, 946 F. Supp. 1329, 1335 (N.D. Ill. 1996). I find that it would be inappropriate to consider the arguments raised by the defendant in its reply brief, since the plaintiff has not had an opportunity to address them. The paragraphs will not be stricken.

### M.    Paragraph 58

Paragraph 58 states:

>    58.    I also considered my request for understanding to be the accommodation I identified in my deposition.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 58.) The defendant argues that it has addressed the plaintiff's request for "understanding" previously, and that it therefore incorporates the arguments set forth in Part III(B) of its brief in support of its motion to strike paragraph 58. (Def.'s Br. at 20.) However, Part III(B) of the brief provides no basis for striking paragraph 58, and in its reply brief, the defendant admits that its citation to Part III(B) of its brief was in error. (Def.'s Reply Br. at 12.) The defendant claims that it meant to incorporate Part IV(A) in support of its motion to strike paragraph 58, and suggests that this error should not have prejudiced the plaintiff's ability to respond to its arguments. (Id.) I feel that it would be inappropriate to address the arguments raised in Part IV(A) of the defendant's brief, since the plaintiff has not been given a proper opportunity to respond to the defendant's argument. The plaintiff cannot be expected to guess which arguments the defendant meant to incorporate into its motion. Paragraph 58 shall not be stricken.

### N.    Paragraphs 59-72

Paragraphs 59 through 72 discuss conversations that allegedly occurred between the

plaintiff and either Bacigalupo or Frank Laskaris, wherein the plaintiff objected to the docking of his pay and the loss of his demonstration car. (See Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 59-72.) The defendant argues that these paragraphs, and paragraph 68 in particular, are inconsistent with the plaintiff's previous deposition testimony. Paragraph 68 states:

> 68.   The nature of my objection was that this happened because of what I had told Max (about my alcoholism), defended myself when he yelled at me that [sic], and complained about the car being taken away.

(Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 68.) The objection referred to in paragraph 68 was allegedly made to Laskaris and Bacigalupo as a result of deductions taken from the plaintiff's pay to offset costs associated with the plaintiff's personal phone calls and absences. (See Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 67.)

In its brief, the defendant quotes at length from the plaintiff's deposition to support its argument that these paragraphs are inconsistent with prior testimony. (See Def.'s Br. at 21-25.) The thrust of the defendant's argument is that the plaintiff's conversations with Laskaris and Bacigalupo were exhaustively reviewed, and that at no time did the plaintiff make the objection set forth in paragraph 68. In response, the plaintiff suggests that I study pages 99-136 and 190-215 of the plaintiff's deposition in order to determine whether the affidavit is inconsistent with the plaintiff's prior testimony. (Pl.'s Br. at 16.) The plaintiff also suggests that "[t]he deposition was and is confusing," that "Mr. McKay's statements are reasonable clarifications of the confusion," and that "[i]t is also reasonable that rereading the deposition and reflecting further on the topics he was not allowed to complete would refresh his memory."

I have studied the deposition testimony quoted by the defendant, along with pages 99-136 and 190-215 of the plaintiff's deposition as requested by the plaintiff. I find that pages 99-118 of the deposition concern the plaintiff's pay plan, and are irrelevant to the specific subject matter covered in paragraphs 59-72 of the affidavit. (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 99-118.) Similarly, with the exception of a brief discussion of the plaintiff's receiving $100 in lieu of a demonstration car at page 119:6-16 of the deposition, pages 119-123 concern the plaintiff's pay plan and are irrelevant to paragraphs 59-72 of the affidavit. (Id. at 119-123.) It is true that on a number of occasions throughout the relevant portion of the deposition, the plaintiff claimed that he had additional relevant conversations with certain individuals. (See id. at 127:7; 128:17-19; 198:7. See also Pl.'s Br. at 16.) However, it is inaccurate to claim that "Mr. McKay states that he had other conversations which are not then inquired into." (Pl.'s Br. at 16.) The plaintiff consistently received opportunities to speak about any further conversations that he could recall. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 129:7-10; 130:23-131:8; 134:4-12; 194:10-195:21;197:24-198:20.)[5] The

---

[5]The plaintiff also argues that "[h]e mentions a conversation with Frank Laskeris [sic] about his pay being docked and that is not followed up on. (p. 208-209)." (Pl.'s Br. at 17.) It

plaintiff characterizes the deposition as "ambiguous and confusing" due to defense counsel's questioning (Pl.'s Br. at 16), but it seems to me that the plaintiff himself certainly contributed to the alleged confusion and "jumped around" on his own. (Pl.'s Br. at 16.) The plaintiff's lack of concentration is best demonstrated by his comment, "I'm sorry. I spaced off for a minute. I thought I was in the Bahamas for a second. Would you please repeat that?" (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 127:13-15.) At one point, the deponent raises a new conversation between himself and Mr. Laskaris, yet requires more than one prompt to stay focused upon it and provide additional details. (Id. at 124:7-16.) Soon thereafter, he provides confusing testimony about whether a particular statement that he initially claims was made by Laskaris came directly from Laskaris or Cohen. (Id. at 124:7-8; 125:8-17.) Given these examples, and considering the frequency with which the plaintiff claims that he cannot remember details of conversations (see, e.g., id. at 129:16-20; 130:9-131:18; 190:3-191:12; 197:4-9; 198:7-14), I find that defense counsel is not solely to blame for any ambiguity or confusion that may appear in the relevant portion of the deposition.

My review of the deposition also indicates that paragraph 68 of the plaintiff's affidavit is inherently inconsistent with his previous deposition testimony. The relevant testimony is as follows:

> Q: Now, when was this brought to your attention?
> A: On the first paycheck I received after the conversation with Max.
> Q: And what was shown on the paycheck?
> A: A deduction along with this.
> Q: That invoice would be the last page of Exhibit No. 13?
> A: Yes, sir.
> Q: Did you talk to anyone about this?
> A: I objected.
> Q: To who?
> A: I believe I objected to Ken. I probably objected to Frank, but I am not positive. Ken was my immediate supervisor.
> Q: Do you know if you objected to Frank or not?
> A: Yeah, I believe I did, but I am not positive.
> Q: Ken you did though?
> A: Yes.
> Q: How many conversations did you have with Ken?
> A: I don't remember.
> Q: Do you remember what was said?
> A: No.
> Q: So all you can say is you remember getting this in your paycheck, getting this

_____

seems to me, however, that the plaintiff's recollection of this conversation with Frank Laskaris was exhausted by defense counsel. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 208:12-209:3.)

invoice. You objected to Ken. You may or may not have obtained [sic] to Frank,
and that's all you remember?

A: Yeah, my objection was of the nature –

Q: First of all, before we go onto the objection –

A: Yes.

Q: What was the – why did you object?

A: Because while I had made these calls, I never seen anyone get docked for
making calls before and no one had ever told me that I couldn't use the phone for
personal calls before and no one had ever told me that they had to be limited. I
was there for, you know, eleven hours a day.

(Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 208:1-209:13.) This testimony
is in direct conflict with the plaintiff's claim that "[t]he nature of my objection was that this
happened because of what I had told Max (about my alcoholism), defended myself when he
yelled at me that [sic], and complained about the car being taken away." (Pl.'s Addendum of
Exhibits, filing 148, Ex. B, McKay Aff. ¶ 68.) It appears that this conflict cannot be attributed to
"an honest discrepancy or newly discovered evidence," Bank of Illinois v. Allied Signal Safety
Restraint Systems, 75 F.3d 1162, 1169 n.10 (7th Cir. 1996), despite the plaintiff's claim that he
has "[gone] back over his memories" of the relevant events. (Pl.'s Addendum of Exhibits, filing
148, Ex. B, McKay Aff. ¶ 62.) I conclude that the paragraph is intended to create a "sham" issue
to thwart summary judgment. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75
F.3d at 1168. Paragraph 68 must be stricken.

In addition, in paragraph 66 of his affidavit, the plaintiff claims that he "attempted to, but
was not given the opportunity in [his] deposition to explain the nature of [his] objection." (Pl.'s
Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 66.) While it is true that in his
deposition, the plaintiff was interrupted when he stated, "my objection was of the nature . . . ,"
counsel asked immediately thereafter, "What was the – why did you object?" (Def.'s Addendum
of Exhibits, filing 49, Ex. B, McKay Dep. at 209:3-7.) It seems to me that paragraph 66 of the
affidavit is a rather transparent attempt to seize upon the brief interruption by defense counsel to
open the door for new evidence that conflicts with the plaintiff's previous deposition testimony.
The plaintiff had his opportunity to describe "the nature of [his] objection" when he was asked,
"why did you object." (Compare Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at
209:3-13 with Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 66.) Thus,
paragraph 66 too is in direct conflict with the plaintiff's prior deposition testimony, and cannot
be attributed to an honest discrepancy or new evidence. Bank of Illinois v. Allied Signal Safety
Restraint Systems, 75 F.3d at 1168, 1169 n.10. Paragraph 66 shall be stricken.

The defendant argues separately that paragraphs 69-72 of the affidavit are also
inconsistent with the plaintiff's prior deposition testimony (see Def.'s Br. at 27), but I find that in
fact those paragraphs are consistent with the plaintiff's deposition. (Compare Def.'s Addendum
of Exhibits, filing 49, Ex. B, McKay Dep. at 197:4-198:14 with Pl.'s Addendum of Exhibits,
filing 148, Ex. B, McKay Aff. ¶¶ 69-72.) The defendant also argues that paragraphs 69-72 must



be stricken because they are not relevant. (Def.'s Br. at 28.) However, it seems to me that whether the plaintiff "connected" the loss of his demonstration car to "Mr. Cohen's reaction on [the plaintiff's] revealing [his] alcoholism to Mr. Cohen" (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶ 72) is clearly relevant to whether the plaintiff acted "in good faith and with a reasonable and sincere belief that he . . . is opposing unlawful discrimination." Talanda v. KFC National Management Co., 140 F.3d 1090, 1096 (7th Cir. 1998) (quoting Roth v. Lutheran General Hospital, 57 F.3d 1446, 1459 (7th Cir. 1995). Paragraphs 69-72 shall not be stricken.

### O.    Paragraphs 73-74

In these paragraphs, the plaintiff states that he never received a promised $100 per week payment, a demonstrator vehicle, or insurance from the defendant during the days between June 3, 1996 and June 26, 1996. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 73-74.) The defendant claims first that these paragraphs contradict pages 118-122 of the plaintiff's previous deposition testimony, and must therefore be stricken. (Def.'s Br. at 28.) I have studied the relevant pages of the plaintiff's deposition, and I find that there is no inherent contradiction between the plaintiff's deposition, wherein he states that Laskaris *offered* to pay him "$100 a week in lieu of a demonstrator" (Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 119:12-13), and paragraphs 73-74 of the affidavit. Since there is no inherent contradiction, the paragraphs shall not be stricken. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169 n.10 (7th Cir. 1996).

The defendant also argues that paragraphs 73-74 must be stricken because they contradict an exhibit submitted by the plaintiff in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim. This exhibit is a speed letter from Frank Laskaris to Payroll indicating that the plaintiff is to be paid $100 in lieu of a demonstrator. (See Def.'s Br. Ex. H; Pl.'s Addendum of Exhibits, filing 148, Ex. T.) Since the rule against contradictory affidavits applies only to prior statements made by the affiant under oath, the defendant's argument that paragraphs 73-74 must be stricken because they are inconsistent with Plaintiff's Exhibit T has no merit. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169 (7th Cir. 1996).

### P.    Paragraphs 75-81

Paragraphs 75-81 of the affidavit set forth the plaintiff's interpretation of certain "operating statements" from Town and Country Cadillac. (Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 75-81.) These operating statements were presented to the plaintiff by defense counsel during the plaintiff's deposition, and at that time the plaintiff stated that he could not provide an analysis of the documents without having read them. (See Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 242:1-243:7.) The defendant argues that paragraphs 75-81 must be stricken because they contradict the plaintiff's previous deposition testimony. However, I feel that there is no inherent inconsistency between the plaintiff's prior testimony that he could not analyze the documents without having read them, and paragraphs 75-81 of the

affidavit, which present the plaintiff's analysis of the documents after he received an opportunity to review them. (Compare Def.'s Addendum of Exhibits, filing 49, Ex. B, McKay Dep. at 242:1-243:7 with Pl.'s Addendum of Exhibits, filing 148, Ex. B, McKay Aff. ¶¶ 75-81.) Therefore, the paragraphs shall not be stricken as inconsistent. See Bank of Illinois v. Allied Signal Safety Restraint Systems, 75 F.3d 1162, 1169 n.10 (7th Cir. 1996).

The defendant also argues, without citation to any supporting law, that "[p]laintiff has never disclosed the foregoing opinions as is required by Rule 26(b). He is attempting to assert said opinions as expert testimony, given his years and experience in the auto industry. Because of his failure to disclose said opinions, they must be stricken." (Def.'s Br. at 29.) The defendant's argument is skeletal, lacking support for its insinuation that paragraphs 75-81 amount to expert testimony within the meaning of Federal Rule of Evidence 702, or for its statement that the paragraphs must be stricken due to an alleged failure to disclose them previously. I find that the defendant' unsupported argument "is merely an assertion which does not sufficiently raise the issue to merit the court's consideration." Johnson v. Indopco, Inc., 887 F. Supp. 1092, 1096 (N.D. Ill. 1995). Paragraphs 75-81 of the affidavit shall not be stricken.

**IT IS ORDERED** that the Defendant's Motion to Strike the Second Affidavit of A. Robert McKay, filing 157, is granted in part. The portions of the affidavit designated in the accompanying memorandum shall not be considered in opposition to the defendant's motion for summary judgment on the plaintiff's retaliation claim, filing 128.

Dated April 1, 2002.

BY THE COURT

Warren K. Urbom
United States Senior District Judge